No. 80–840. WEBER ET AL. v. BARRETT. C. A. 5th Cir. Certiorari denied. 

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and JUSTICE STEWART join, dissenting.

Respondent is a former employee of the Sheriff of Dallas County, Tex., who brought suit against the Sheriff on behalf of himself and others to enjoin the enforcement of certain of the Sheriff's rules on the grounds that they infringed certain First Amendment rights. Petitioners, Dallas County and various county officials, sought leave to intervene in this litigation because county funds might be liable for a judgment against the Sheriff. The trial court denied intervention and the United States Court of Appeals for the Fifth Circuit affirmed. The Court of Appeals then granted the respondent's motion for an award of attorney's fees under 42 U. S. C. § 1988, which provides in pertinent part:

> "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The Court of Appeals stated that respondent was a clear winner on the intervention issue and then explained:

> "[Respondent] has prevailed on his underlying claim against defendant Sheriff Thomas. Part of the cost involved in so prevailing was the devotion of his attorney's time and effort in successfully preventing the initial judgment against Thomas from being derailed as a result of [petitioners'] attempts to intervene. [Petitioners] cannot now be excused from bearing the burden of these

costs simply because we did not hold they were liable for the judgment on the merits against Sheriff Thomas, an issue never raised or considered by the trial court."

The decision of the Court of Appeals relies in part on the fact respondent prevailed in the trial court on his underlying civil rights claim against the Sheriff. The Court of Appeals, however, ignores the fact respondent has only prevailed in the trial court on this claim. Appeal from that decision is still pending in the Court of Appeals. The Court of Appeals therefore has authorized an award of attorney's fees prior to there being a final determination that respondent prevailed in "an action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 . . . ." Petitioners are being prejudiced by a decision which in the statutory sense was only preliminary. *United States* v. *Munsingwear, Inc.,* 340 U. S. 36, 40 (1950). The merits of the denial of the motion to intervene, which are entirely separate from the civil rights claim, is the only issue dealt with by the Court of Appeals in its opinion affirming the denial. See *Railroad Trainmen* v. *Baltimore & Ohio R. Co.,* 331 U. S. 519, 524 (1947). Only last Term we explained in *Hanrahan* v. *Hampton,* 446 U. S. 754 (1980):

"Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney." *Id.,* at 758.

The award of attorney's fees under § 1988 against the petitioners who were not defendants in this civil rights litigation is permissible, if at all, only after there has been a final determination that the respondent has prevailed on the merits on at least some of his claims against the Sheriff. Conceivably,

the judgment against the Sheriff could be reversed and in that case § 1988 would provide no authorization for an award of fees against the petitioners. Because I think the award of such fees for successfully defending an appeal of a collateral order having nothing to do with civil rights is not authorized by § 1988 at this interim stage of the litigation, I dissent from the denial of the petition for a writ of certiorari.