833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jan-Olof BLOMQUIST, Vanja Blomquist, Plaintiffs-Appellees,
v.
DEAN WITTER REYNOLDS, INC., Defendant-Appellant,
and
Douglas Churchill, E. Thomas Byrd, Defendants.
Carel W. LEVENDAG, Jewel E. Levendag, Plaintiffs-Appellees,
v.
DEAN WITTER REYNOLDS, INC., Defendant-Appellant.
 Nos. 85-2297, 86-2513
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 10, 1986.
Decided Oct. 26, 1987.
 
 Joseph Rutledge Young, Jr. (Young, Clement, Rivers & Tisdale on brief) for plaintiff-appellee in No. 85-2297.
 Morris Arthur Ellison (Buist, Moore, Smythe & McGee on brief) for plaintiffs-appellees in No. 86-2513.
 Daryl Lloyd Williams and Thomas Rush Gottshall (Sinkler & Boyd on brief) for defendant-appellant.
 William Choice Cleveland, III (McKay & Guerard, P.A. on brief) for defendant Douglas Churchill.
 H. Brewton Hagood (Rosen, Rosen & Hagood on brief) for defendant E. Thomas Byrd.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 These appeals were held in abeyance pending the Supreme Court's decision in Shearson/American Express, Inc. v. McMahon, 55 U.S.L.W. 4757 (U.S. June 8, 1987) (No. 86-44). On the basis of McMahon, the judgment of the district court is reversed insofar as it refused to compel arbitration of the claims arising under Section 10(b) and Section 15(c) of the Securities and Exchange Act of 1934, and the action is remanded for entry of an order compelling arbitration of those claims.
 
 
 2
 These appeals also involved the issue of the enforceability of pre-dispute agreements to arbitrate claims arising under Section 17(a) of the Securities Act of 1933. In response to our July 30, 1987 order directing the filing of supplemental briefs addressing the impact of McMahon on this issue, the parties have stipulated that the 17(a) claims in these actions are arbitrable and asked that we direct the district court to enter an order compelling their arbitration. We interpret this as an indication that the appellees now join the appellants in urging that we reverse the district court's judgment holding that these claims are not arbitrable. So interpreted, the parties' stipulation moots the appeals on this issue. Accordingly, the judgment of the district court is vacated insofar as it refused to compel arbitration of the claims arising under Section 17(a) of the Securities Act of 1933, and the action is remanded for entry of an order dismissing the motion to compel arbitration of those claims as moot. United States v. Munsingwear, 340 U.S. 36 (1950).
 
 
 3
 REVERSED AND REMANDED.