841 F.2d 90
 27 ERC 1318, 18 Envtl. L. Rep. 20,831
 The POTOMAC ELECTRIC POWER COMPANY, Plaintiff-Appellant,
v.
Stephen H. SACHS, in his capacity as Attorney General of
Maryland; Adele Wilzack, in her capacity as
Secretary of the Maryland Department of
Health and Mental Hygiene,
Defendants-Appellees,
State of New York, et al., Amici Curiae,
The POTOMAC ELECTRIC POWER COMPANY, Plaintiff-Appellee,
v.
Stephen H. SACHS, in his capacity as Attorney General of
Maryland; Adele Wilzack, in her capacity as
Secretary of the Maryland Department of
Health and Mental Hygiene,
Defendants-Appellants.
State of New York, et al., Amici Curiae,
 Nos. 86-1572, 86-1573.
 United States Court of Appeals,
Fourth Circuit.
 March 7, 1988.
 
 Arnold M. Weiner (Michael Schatzow, Ethan L. Bauman, Melnicove, Kaufman, Weiner & Smouse, Baltimore, Md., on brief), E. Barrett Prettyman, Jr. (Sherwin J. Markman, John C. Keeney, Jr., David J. Hayes, Hogan & Hartson, Kathleen B. DeWeese, Washington, D.C., Associate General Counsel, Potomac Elec. Power Co., on brief) for appellant/cross appellee.
 Ralph S. Tyler, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Richard M. Hall, Michael C. Powell, Kathie A. Stein, Charles R. Taylor, Jr., Asst. Attys. Gen., Baltimore, Md., on brief) for appellees/cross appellants.
 Karen L. Florini, U.S. Dept. of Justice (F. Henry Habicht, II, Asst. Atty. Gen., Jacques B. Gelin, Margaret A. Hill, U.S. Dept. of Justice, Francis S. Blake, General Counsel, Bruce M. Diamond, Regional Counsel, Terrell Hunt, Associate Enforcement Counsel, Alan H. Carpien, E.P.A., Washington, D.C., on brief) for amicus curiae U.S.
 Robert Abrams, Atty. Gen. of the State of N.Y., Lawrence A. Rappoport, Associate Atty., Nancy Stearns, Asst. Atty. Gen., New York City, John K. Van de Kamp, Atty. Gen. of State of Cal., Theodora Berger, Asst. Atty. Gen., Los Angeles, Cal., Timothy R. Patterson, Deputy Atty. Gen., San Diego, Cal., Charles A. Graddick, Atty. Gen. of the State of Ala., Craig Kneisel, Asst. Atty. Gen., Montgomery, Ala., Joseph I. Lieberman, Atty. Gen. of the State of Conn., Kenneth Tedford, Asst. Atty. Gen., Hartford, Conn., on brief, for amici curiae State of N.Y., et al.
 Ann Powers, Vice President and General Counsel, Catherine A. Cotter, Washington, D.C., on brief, for amicus curiae Chesapeake Bay Foundation, Inc.
 Jacqueline M. Warren, Donald S. Strait, Lawanda Still, Legal Asst., New York City, on brief, for amicus curiae Natural Resources Defense Council, Inc.
 William L. Kovacs, Henry W. Killeen, III, Donald S. Stefanski, Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., Joseph F. Cleary, Asst. Secretary and Gen. Atty., Syracuse, N.Y., Niagara Mohawk Power Corp., on brief, for amicus curiae Niagara Mohawk Power Corp.
 J. Thomas Wolfe, Lynne H. Church, on brief, for amicus curiae Baltimore Gas and Elec. Co.
 Toni K. Allen, Mary F. Edgar, Piper & Marbury, Washington, D.C., on brief, for amici curiae Edison Elec. Institute, et al.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 On January 19, 1988, the Supreme Court, --- U.S. ----, 108 S.Ct. 743, 98 L.Ed.2d 756 granted the Potomac Electric Power Company's (PEPCO) petition for certiorari in this cause, vacated our earlier judgment, Potomac Electric Power Co. v. Sachs, 802 F.2d 1527 (4th Cir.1986), and remanded "for further consideration in light of Deakins v. Monaghan, --- U.S. ----, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ], and to consider the question of mootness." Both parties have since filed supplemental memoranda with this court agreeing that the case is moot. We have reviewed the parties' contentions in light of subsequent developments in the case, and now agree with their position that there is no longer a controversy.
 
 
 2
 After the State of Maryland initiated grand jury proceedings to investigate whether PEPCO had violated Maryland's criminal laws and regulations governing hazardous waste disposal, PEPCO commenced the instant action in federal court seeking a declaratory judgment that the involved state laws were preempted by the Toxic Substances Control Act, 15 U.S.C. Sec. 2601, et seq. The district court determined that TSCA does not preempt the challenged state laws. We reversed concluding that the court should have abstained from deciding the issue under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny. Sachs, 802 F.2d 1527 (4th Cir.1986). While PEPCO's petition for certiorari to the Supreme Court was pending, the State informed the Court that it had suspended its criminal investigation of PEPCO and, therefore, no remaining case or controversy existed between the parties. PEPCO subsequently concurred in the State's position.
 
 
 3
 In light of the parties' agreement and the absence of an enforcement action against PEPCO, we now agree that the case has become moot. Therefore, in accordance with the Supreme Court's instructions, we remand the case to the district court with directions to dismiss the cause as moot. See United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).
 
 
 4
 SO ORDERED.