AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL, et al.,
Plaintiffs–Appellants,

v.

UNITED AIR LINES, INC.,
Defendant–Appellee.

Nos. 86–2544, 86–2555.

United States Court of Appeals,
Seventh Circuit.

Argued May 22, 1987.
Decided July 26, 1988.

Michael E. Abram, Cohen, Wiess & Simon, New York City, for plaintiffs-appellants.

Stephen P. Sawyer, United Air Lines, Inc., Elk Grove Township, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

PER CURIAM.

In what is now on appeal as No. 86–2544, plaintiff-appellant Air Line Pilots Association, International (ALPA), moved to hold defendant-appellee United Air Lines, Inc. (United) in civil contempt of the district court's earlier post-strike injunctions which ordered United to restore the "Group of 500" and the "Class of '79" to active status in the regular course. ALPA charged that instead five former striking pilots were subject to discriminatory discharges. Of these five individuals, Kenneth Bohannon, John Biggers and Steven Algorri belonged to the "Group of 500," and John Grueser and Jerald Beaty belonged to the "Class of '79."

In a related case now on appeal as No. 86–2555, ALPA and four of the five individuals (excepting Bohannon) alleged that United violated section 2, Third and Fourth

of the Railway Labor Act in firing these former strikers. On August 20, 1986, the district court granted summary judgment to United in both cases. 642 F.Supp. 838.

 Subsequently, in an opinion reported at 802 F.2d 886, this court held that the Act did not cover the Group of 500 because they were never "employees" under the Act. 802 F.2d at 913. We therefore concluded that the injunction which gave rise to ALPA's contempt claim is no longer valid as to the Group of 500. Now that that injunction—as it governs United's treatment of the Group of 500—has been set aside, no civil contempt for violating that injunction could stand. *See United States v. United Mine Workers of America*, 330 U.S. 258, 294–95, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947); *Blocksom & Co. v. Marshall*, 582 F.2d 1122, 1124 (7th Cir. 1978). In addition, claims from the Group of 500 arising from United's alleged violation of section 2, Third and Fourth, are also moot, for those sections only protect "employees." ALPA and the pilots acknowledged in their appellate briefs that our earlier decision knocked out the Group of 500, but argued at the time that appellate review was not yet complete. Since then, however, the Supreme Court has denied their petition for certiorari. — U.S. —, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).

 That left only the claims of the two from the Class of '79—Grueser and Beaty. But on September 24, 1987, upon stipulation and joint motion among the parties, Grueser dismissed with prejudice his statutory claims against United in No. 86–2555, and ALPA dismissed with prejudice its contempt claims against United in No. 86–2544 to the extent they concern Grueser. Similarly, on April 19, 1988, upon stipulation and joint motion among the parties, Beaty dismissed with prejudice his statutory claims against United in No. 86–2555, and ALPA dismissed with prejudice its contempt claims against United in No. 86–2544 to the extent they concern Beaty.

Therefore, on June 23, 1988, this court, on its own motion, ordered the parties to show cause on or before July 1, 1988, why any remaining claims in the above-entitled appeals should not be dismissed as moot.

ALPA and the other appellants filed a statement in which they stated that they are aware of no reason why these appeals should not be dismissed as moot.

Any opinion in these appeals would be purely advisory. Accordingly, we dismiss these appeals as moot.

 Furthermore, contrary to United's assertion, ALPA and the other appellants did not voluntarily decide to dismiss their claims unilaterally. Rather, United stipulated to and jointly moved for dismissal. Therefore, as requested by ALPA and the other appellants under the authority of *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950), we vacate the district court's judgment and opinion reported at 642 F.Supp. 838 and direct the district court to dismiss the complaints herein as moot. *See* Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3533.10 (1984).

VACATED AND REMANDED WITH DIRECTIONS.