915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Donald D. KURTZ, Debtor,
Appeal of A.H. GREENING, Jr.
 No. 89-3701.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 15, 1990.
 
 Before COFFEY, FLAUM, EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 During the course of a bankruptcy case, the district judge entered an order forbidding attorney Greening to initiate ex parte contacts with the court. Greening, believing that his communications do not fall within the ethical ban on ex parte contacts, and concerned that state officials are considering this episode as a potential basis of professional discipline, has filed a notice of appeal.
 
 
 2
 If we viewed the district court's order as a form of professional discipline, we would be required to decide whether a reprimand or some other action is an appropriate response to Greening's acts. As we understand the order, however, the district judge did no more than direct Greening to desist during further proceedings in the Kurtz bankruptcy. Such an order naturally expires with the underlying case.
 
 
 3
 The Kurtz bankruptcy has been concluded, and the force of the order is no more. The dispute is accordingly moot. To prevent collateral consequences, we vacate the district court's order and remand with instructions to dismiss as moot. United States v. Munsingwear, Inc., 340 U.S. 36 (1950). Nothing in this order affects, one way or another, the pending disciplinary proceeding. Illinois is free to consider Greening's conduct for whatever bearing it has on his professional behavior and status. We conclude only that the district judge's order must be vacated because the end of the bankruptcy case prevents its review.
 
 VACATED, WITH INSTRUCTIONS TO DISMISS
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement. After considering that statement, the briefs, and the record, the court is of the view that oral argument would not be helpful, so the appeal is submitted for decision on the briefs and record