953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ashley Carolyn MASON, a minor By and Through her father and
next friend, E. Randolph MASON, Plaintiff-Appellee,
and
Rochelle Beth House; Sara L. Bard; Mary Fowler; Lisa Ann
Cox, Marilyn Kreutzer; Cynthia A. Larrivee, Plaintiffs,
v.
INSTITUTIONAL REVIEW BOARD FOR HUMAN RESEARCH, MEDICAL
UNIVERSITY OF SOUTH CAROLINA, Defendant-Appellant.
 Nos. 89-2845, 89-2853.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1991.
Decided Jan. 16, 1992.
 
 Appeals from the United States District Court for the District of South Carolina, at Charleston, No. CA-89-2390-2-8, Solomon Blatt, Jr., Senior District Judge.
 Richard Steven Rosen, Rosen, Rosen & Hagood, Charleston, S.C., for appellant.
 Francis Thomas Draine, Columbia, S.C., for appellee.
 D.S.C.
 REMANDED.
 Before WIDENER and K.K. HALL, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Ashley Mason, eleven years old at times pertinent here, is autistic. She was participating in an experimental research program at the Medical University of South Carolina under the supervision of Dr. Hugh Fudenberg. The program involved the injection of what is called transfer factor, an extract made from white blood cells of a healthy donor, into individuals suffering from immune deficiencies. In May of 1989, the Institutional Review Board (IRB) at the Medical University of South Carolina ordered that Dr. Fudenberg's research program be suspended. Ashley, by her father and next friend, then brought this suit to enjoin the IRB from suspending Dr. Fudenberg's research. The district court granted a preliminary injunction enjoining the IRB from prohibiting Dr. Fudenberg from treating the patients under his care at the time, which of course, included Ashley. This court, on the IRB's motion, issued an order dissolving the preliminary injunction as improvidently granted.
 
 
 2
 The question raised on appeal is whether this court should uphold its ruling dissolving the preliminary injunction. However, subsequent events have rendered this case moot. On November 19, 1990, Ashley filed a motion for voluntary dismissal of her lawsuit. She stated that "[s]ince the initiation of the litigation the issues between the Plaintiff and Defendants have been rendered moot by a series of circumstances which have negated the Defendant's interference in the plaintiff's treatment and care." At oral argument, Miss Mason's attorney represented to the court that she is now getting all the experimental medical treatment she wants and that it is being provided by the University and Dr. Fudenberg[1] under the supervision of a different IRB. She no longer seeks any relief. Since no relief is asked for this case is now moot.
 
 
 3
 Because the injunction issued by the district court has been dissolved, there is no district court order to vacate under Munsingwear; the case, however, is remanded to the district court for dismissal as moot. See United States v. Munsingwear, 340 U.S. 36, 39 (1950).
 
 
 4
 REMANDED WITH INSTRUCTIONS TO DISMISS AS MOOT[2].
 
 
 5
 K.K. HALL, Circuit Judge, and THOMAS SELBY ELLIS, III, District Judge, joined.
 
 
 
 [1]
 The Court: Do you represent to the court now that you are getting, or your client is getting, all the experimental medical treatment she wants and it is being provided by the University and by Dr. Fudenberg?
 Mr. Draine: Yes sir.
 The Court: You do?
 Mr. Draine: Yes, Your Honor. And I must say there are other plaintiffs but what happened here--
 The Court: We are not concerned with other plaintiffs. Thats--there are other cases, and I expect from what you say and what your opponent says, that we will have other cases on this subject. We are concerned with the Mason case today. As I understand it, you are not asking the court for any relief. There is no relief the court can give you because you have gotten all the relief that you can get. Is that correct?
 Mr. Draine: That is correct, Your Honor.
 The Court: All right.
 
 
 [2]
 Our decision that the case is moot renders moot all outstanding motions therein