**Duke Fredrick CRANFORD, Appellee,**

v.

**Crispus NIX; Paul Hedgepeth; Jim Helling; Anderson; Huff; Kirkbach; John Lambert; and Randy Martin, Appellants.**

No. 94–2031.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Jan. 3, 1995.

* The Hon. Harry F. Barnes, United States District Judge for the Western District of Arkansas, sit-

Layne M. Lindebak, Des Moines, IA, argued (Bonnie J. Campbell and Suzie A. Berregaard Thomas, on the brief), for appellants.

Thomas John O'Flaherty, Cedar Rapids, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and BARNES,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

Duke Fredrick Cranford has two civil actions pending in the United States District Court for the Southern District of Iowa arising out of disputes occurring while he was an inmate in the Iowa correctional system, having been imprisoned there under a contract with the State of Nevada, which originally sentenced Cranford. After these lawsuits had been filed, Cranford was transferred back to Nevada, which then contracted with Connecticut to keep him imprisoned. In order to put himself in the best possible position for trial of these actions, Cranford, acting through appointed counsel, moved the District Court for a writ of habeas corpus *ad testificandum* directed to Crispus Nix, at the time Superintendent of the Iowa Department of Correction. The purpose of the writ was to require Nix to transport Cranford to Iowa for trial at state expense.

The State of Iowa, acting through the respondent Nix, objected to this burden's being

ting by designation.

imposed upon it, but the objections were overruled by the District Court, and Nix appealed. During the pendency of the appeal, both parties—Cranford and Nix— agreed that in fact the writ should not have been directed to Nix, because he was not Cranford's custodian and had no power to produce him in Iowa. Instead, the parties tell us, the proper respondent would be the State of Nevada or, more precisely, whatever official of the State of Nevada has legal custody of Cranford. Cranford is physically in Connecticut, but Nevada, as the sentencing state, has the power to direct his production elsewhere.

Thus, the appeal has become moot. The question whether the District Court abused its discretion or otherwise acted unlawfully in requiring Iowa to bear the expense of Cranford's production is no longer at issue between the parties. Both sides agree that Iowa has no such obligation. There is no longer a live controversy, and accordingly no case or controversy under Article III of the Constitution. Cranford believes that Nevada should be required to produce him for trial of the Iowa cases, but Nevada is not before us, and we can hardly proceed to decide or even discuss a legal issue involving that State in its absence.

The appeal is dismissed as moot, and the cause is remanded to the District Court with instructions to vacate the order appealed from as moot. See *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). This action is without prejudice to Cranford's right to initiate proceedings in the District Court to obtain a writ of habeas corpus *ad testificandum* directed to the appropriate Nevada official. That official, of course, will be given an opportunity to argue that the expense and difficulty attendant upon producing Cranford in Iowa should not be borne by him.

It is so ordered.