# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2610

_____

Keith Argolis Oliver,        *
       *
       Appellant,        *
       *   Appeal from the United States
       v.        *   District Court for the Eastern
       *   District of Arkansas.
Steve Goodwin, Jailer, Clay County        *
Detention Center; Clay County Jail;        *      [UNPUBLISHED]
Don Poole, Sheriff of Clay County,        *
       *
       Appellees.        *

_____

Submitted: July 6, 2000

Filed: July 14, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Keith Argolis Oliver brought this 42 U.S.C. § 1983 action against the Clay County, Arkansas Jail; jailer Steve Goodwin; and Clay County Sheriff Don Poole (collectively the defendants). The defendants moved to close administratively or to stay the case, because Oliver is presently incarcerated in Tennessee and is thus unable to attend trial in Arkansas. The magistrate judge recognized he could issue a writ of habeas corpus ad testificandum to bring Oliver to Arkansas for the trial, see 28 U.S.C. § 2241(c)(5) (1994), but stated:

> In considering whether [Oliver] should be transported from Tennessee prison to the state of Arkansas this Court must consider transportation costs; safety concerns; the feasibility of trying the case without the prisoner's presence in the courtroom and any other factor relevant to the question of whether a writ should issue.
>
> After careful review of [Oliver's] response to the motion to dismiss and the entire record, and with due considerations of the above-referenced factors, this Court cannot recommend the issuance of a writ of habeas corpus <u>ad testificandum</u>. The Court finds that this matter should be closed administratively and placed on the inactive docket. [Oliver] may move to reopen this case within thirty (30) days of his release from federal custody.

(Report and Recommendation at 2). The district court adopted the magistrate's report and recommendation, and Oliver now appeals. Having carefully reviewed the record and the parties' briefs, we cannot say the district court abused its discretion in refusing to issue the writ of habeas corpus <u>ad testificandum</u>, <u>see</u> <u>Cranford v. Nix</u>, 43 F.3d 1210, 1211 (8th Cir. 1995) (standard of review); <u>Latiolais v. Whitley</u>, 93 F.3d 205, 208 (5th Cir. 1996) (same), and we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.