## UNITED STATES *v.* MUNSINGWEAR, INC.

Nos. 23 and 24. Argued October 18, 1950.—Decided November 13, 1950.

*Melvin Richter* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Morison, Stanley M. Silverberg* and *Paul A. Sweeney.*

*John M. Palmer* argued the cause for respondent. With him on the brief was *H. C. Mackall.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The United States filed a complaint on two counts against the respondent, alleging violations of a regulation fixing the maximum price of commodities which respondent sold. The first count prayed for an injunction, the second sought treble damages. By agreement and a pretrial order, the second count was held in abeyance pending trial and final determination of the suit for an injunction. The same procedure was followed as respects another suit for treble damages raising the same issues and covering a later period. The District Court held that respondent's prices complied with the regulation. Accordingly it dismissed the complaint. 63 F. Supp. 933. The United States appealed from that judgment to the Court of Appeals. While the appeal was pending the commodity involved was decontrolled. Respondent then moved to dismiss the appeal on the ground that the case had become moot. The Court of Appeals granted the motion and dismissed the appeal for mootness. 162 F. 2d 125.

Respondent then moved in the District Court to dismiss the treble damage actions on the ground that the unreversed judgment of the District Court in the injunction suit was *res judicata* of those other actions. This motion was granted, the District Court directing the treble damage actions to be dismissed. On appeal the Court of Appeals, by a divided vote, affirmed. 178 F. 2d 204.

The controversy in each of the suits concerned the proper pricing formula applicable to respondent's com-

modities under the maximum price regulation. That question was in issue and determined in the injunction suit. The parties were the same both in that suit and in the suits for treble damages. There is no question but that the District Court in the injunction suit had jurisdiction both over the parties and the subject matter. And its judgment remains unmodified. We start then with a case which falls squarely within the classic statement of the rule of *res judicata* in *Southern Pacific R. Co.* v. *United States,* 168 U. S. 1, 48–49:

> "The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

And see *Cromwell* v. *County of Sac,* 94 U. S. 351, 352; *Commissioner* v. *Sunnen,* 333 U. S. 591, 597–598. The question whether the respondent had sold the commodities in violation of the federal regulation, having been determined in the first suit, is therefore laid at rest by a principle which seeks to bring litigation to an end and promote certainty in legal relations.

That is the result unless the dismissal of the appeal on the ground of mootness and the deprivation of the United States of any review of the case in the Court of Appeals warrant an exception to the established rule.

The absence of a right to appeal was held in *Johnson Co.* v. *Wharton,* 152 U. S. 252, to make no difference, the determination in the first suit being binding in a second

suit on a different claim. Petitioner argues that that case is distinguishable because here Congress provided an appeal. It contends that if the right to appeal is to be protected, the rigors of *res judicata* must be alleviated. Concededly the judgment in the first suit would be binding in the subsequent ones if an appeal, though available, had not been taken or perfected. *Wilson's Executor* v. *Deen,* 121 U. S. 525; *Hubbell* v. *United States,* 171 U. S. 203. But it is said that those who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been a review. That is the argument. The hardship of a contrary rule is presented. Estoppel is urged. And authorities are advanced to support the view that *res judicata* should not apply in this situation.[1]

But we see no reason for creating the exception. If there is hardship in this case, it was preventable. The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.[2] That was said in *Duke Power Co.* v. *Greenwood County,* 299 U. S. 259, 267,

---

[1] See *Gelpi* v. *Tugwell,* 123 F. 2d 377; *Allegheny County* v. *Maryland Casualty Co.,* 146 F. 2d 633; Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1. Restatement, Judgments, § 69 (2) reads as follows: "Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action."

[2] This has become the standard disposition in federal civil cases: *New Orleans Flour Inspectors* v. *Glover,* 161 U. S. 101, 103, modifying 160 U. S. 170; *United States* v. *Hamburg-American Co.,* 239 U. S. 466; *Berry* v. *Davis,* 242 U. S. 468; *United States* v. *American-Asiatic Steamship Co.,* 242 U. S. 537; *Board of Public Utility Commissioners* v. *Compañia General de Tabacos de Filipinas,* 249 U. S. 425; *Commercial Cable Co.* v. *Burleson,* 250 U. S. 360; *United States* v. *Alaska*

to be "the duty of the appellate court." That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

In this case the United States made no motion to vacate the judgment. It acquiesced in the dismissal. It did not avail itself of the remedy it had to preserve its rights. Denial of a motion to vacate could bring the case here. Our supervisory power over the judgments of the lower federal courts is a broad one. See 28 U. S. C. § 2106, 62 Stat. 963; *United States* v. *Hamburg-American Co.,* 239

<hr>

*Steamship Co.,* 253 U. S. 113; *Heitmuller* v. *Stokes,* 256 U. S. 359; *Atherton Mills* v. *Johnston,* 259 U. S. 13; *Brownlow* v. *Schwartz,* 261 U. S. 216; *Alejandrino* v. *Quezon,* 271 U. S. 528; *Norwegian Nitrogen Co.* v. *Tariff Commission,* 274 U. S. 106; *United States* v. *Anchor Coal Co.,* 279 U. S. 812; *Sprunt & Son* v. *United States,* 281 U. S. 249; *Hargis* v. *Bradford,* 283 U. S. 781; *Mahan* v. *Hume,* 287 U. S. 575; *Railroad Commission of Texas* v. *Macmillan,* 287 U. S. 576; *Coyne* v. *Prouty,* 289 U. S. 704; *First Union Trust & Savings Bank* v. *Consumers Co.,* 290 U. S. 585; *Danciger Oil & Refining Co.* v. *Smith,* 290 U. S. 599; *O'Ryan* v. *Mills Novelty Co.,* 292 U. S. 609; *Hammond Clock Co.* v. *Schiff,* 293 U. S. 529; *Bracken* v. *S. E. C.,* 299 U. S. 504; *Leader* v. *Apex Hosiery Co.,* 302 U. S. 656; *Woodring* v. *Clarksburg-Columbus Short Route Bridge Co.,* 302 U. S. 658; *Retail Food Clerks & Managers Union* v. *Union Premier Food Stores,* 308 U. S. 526; *S. E. C.* v. *Long Island Lighting Co.,* 325 U. S. 833; *Montgomery Ward & Co.* v. *United States,* 326 U. S. 690; *Brotherhood of Locomotive Firemen & Enginemen* v. *Toledo, P. & W. R. Co.,* 332 U. S. 748; *S. E. C.* v. *Engineers Public Service Co.,* 332 U. S. 788; *Hodge* v. *Tulsa County Election Board,* 335 U. S. 889; *S. E. C.* v. *Philadelphia Co.,* 337 U. S. 901.

So far as federal civil cases are concerned, there are but few exceptions to this practice in recent years. See *Cantos* v. *Styer,* 329 U. S. 686; *Uyeki* v. *Styer,* 329 U. S. 689; *Pan American Airways Corp.* v. *Grace & Co.,* 332 U. S. 827; *Schenley Distilling Corp.* v. *Anderson,* 333 U. S. 878.

U. S. 466, 478; *Walling* v. *Reuter Co.,* 321 U. S. 671, 676–677. As already indicated, it is commonly utilized in precisely this situation to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences.

The case is therefore one where the United States, having slept on its rights, now asks us to do what by orderly procedure it could have done for itself. The case illustrates not the hardship of *res judicata* but the need for it in providing terminal points for litigation.

*Affirmed.*

MR. JUSTICE BLACK is of the opinion that *res judicata* should not be applied under the circumstances here shown.