F. William McCALPIN, et al.,
Appellants,

v.

William Clark DURANT, III, et al.

No. 82–2318.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 20, 1983.

Decided June 25, 1985.

Joseph M. Hassett, Washington, D.C., with whom David S. Tatel and John C. Keeney, Jr., Washington, D.C., were on brief, for appellants. Elliot M. Mincberg, Washington, D.C., also entered an appearance for appellants.

Richard K. Willard, Deputy Asst. Atty. Gen., Dept. of Justice, Washington D.C., with whom J. Paul McGrath, Asst. Atty. Gen., Dept. of Justice, Stanley S. Harris, U.S. Atty., Washington, D.C., (at the time brief was filed), Robert E. Kopp and Alfred R. Mollin, Attys., Dept. of Justice, Washington, D.C., were on brief, for appellees.

Anthony J. Steinmeyer, Atty., Dept. of Justice, Washington, D.C., also entered an appearance for appellee.

Paula Roberts, Washington, D.C., and Alan W. Houseman, Washington, D.C., were on brief, for amicus curiae urging reversal.

Before WRIGHT and GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM.

This appeal concerns the President's execution of congressional prescriptions for the independent governance of the Legal Services Corporation (LSC or Corporation). In the Legal Services Corporation Act of 1974 (LSC Act), Pub.L. No. 93–355, 88 Stat. 378 (codified as amended at 42 U.S.C. §§ 2996–2996*l* (1982)), Congress provided for an eleven-member Board of Directors "appointed by the President, by and with the advice and consent of the Senate, no more than six of whom shall be of the same political party." 42 U.S.C. § 2996c(a). The Corporation, Congress instructed, was to serve the need in our nation for high-quality civil legal assistance to poor persons, *id.* § 2996; "to preserve [LSC's] strength," Congress specifically stated, the Corporation "must be kept free from the influence of or use by it of political pressures." *Id.* § 2996(5).

When President Reagan took office in January 1981, plaintiff-appellants were serving as LSC directors. Although their terms expired—in five cases on July 13, 1980, and in the remaining cases on July 13, 1981—they retained their directorships pursuant to Congress' "holdover" directive that "[e]ach member of the Board shall continue to serve until the successor to such member has been appointed and qualified." *Id.* § 2996c(b).

On December 30, 1981, and January 22, 1982, while Congress was in recess, the President named replacements for plaintiff-appellants. 17 WEEKLY COMP. PRES. DOC. 1431–32 (Dec. 31, 1981); 18 WEEKLY COMP.

PRES. DOC. 69 (Jan. 22, 1982). Their replacement in this manner, plaintiff-appellants maintained, was illegitimate and invalid. They reasoned as follows. Congress created the Corporation not as an arm of government but, to secure LSC's independence, as a private nonprofit corporation. *See* 42 U.S.C. § 2996b(a). LSC Board members, Congress declared, "shall not ... be deemed officers or employees of the United States." *Id.* § 2996c(c). Because LSC directors are not "officers of the United States," plaintiff-appellants continued, their appointment is controlled entirely by statute—the LSC Act—and is not subject to the President's power, under article II, section 2, clause 3 of the Constitution, "to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session." The statute, as plaintiff-appellants read it, authorized displacement of holdover directors only by persons both nominated by the President and confirmed by the Senate. A recess appointee named by the President but unconfirmed by the Senate, plaintiff-appellants concluded, does not rank as a person who has "qualified," as that term is employed in 42 U.S.C. § 2996c(b), to succeed a holdover Board member.

The district court granted summary judgment for defendant-appellees. It found no clear indication that Congress, when it passed the LSC Act, had even adverted to the prospect of recess appointments to the LSC Board. Recess appointment authority is a traditional accoutrement of the executive's appointment function; it should be implied, the district court essentially held, absent demonstration of an explicit decision by Congress to exclude such authority. *McCalpin v. Dana,* No. 82–542 (D.D.C. Oct. 5, 1982).

Nominations to the LSC Board were made in March and April of 1982, 18 WEEKLY COMP. PRES. DOC. 272–73, 526 (Mar. 1 & Apr. 19, 1982); in October and November of 1983, 19 WEEKLY COMP. PRES. DOC. 1406, 1550 (Oct. 7 & Nov. 8, 1983); and in March of 1984, 20 WEEKLY COMP. PRES. DOC. 423 (Mar. 19, 1984). The 1982 nominations

were withdrawn by the President, 18 WEEKLY COMP. PRES. DOC. 1608 (Dec. 8, 1982); the 1983 and 1984 nominations were not acted upon before the Senate adjourned *sine die,* first on November 18, 1983, and, the next time, on October 12, 1984. For close to three and one-half years, the Corporation was in fact headed by a succession of recess appointees. *See* Appellees' Updated Statement of Facts (Dec. 12, 1984).

The Executive's repeated recourse to recess appointments to the LSC Board, *id.,* was matched by Congress' repeated resort to appropriations riders restraining change in the Corporation's operations pending the advent of directors confirmed by the Senate. *See National Senior Citizens Law Center v. Legal Services Corp.,* 751 F.2d 1391 (D.C.Cir.1985). With the political branches engaged in these thrusts and parries, we did not rush to judgment. Although we did not regard the case as off limits to the judiciary, *cf.* Henkin, *Is There a "Political Question" Doctrine?,* 85 YALE L.J. 597 (1976), we hesitated to resolve a conundrum Congress had become aware of and was best suited to address in the first instance. *Cf. Industrial Union Department v. American Petroleum Institute,* 448 U.S. 607, 672, 100 S.Ct. 2844, 2879, 65 L.Ed.2d 1010 (1980) (Rehnquist, J., concurring in the judgment) ("Congress, the governmental body best suited and most obligated to make the choice confronting us in this litigation, has improperly delegated that choice to the Secretary of Labor and, derivatively, to this Court.").

On January 3, 1985, the President nominated eleven persons to be members of the LSC Board. 21 WEEKLY COMP. PRES. DOC. 19–20 (Jan. 3, 1985). On June 12, 1985, the Senate confirmed the President's nominees. That Senate action terminates plaintiff-appellants' claim to status as holdover directors. Because the case has become moot, we vacate the district court's judgment and remand with instructions to dismiss the complaint. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). We leave to the classroom and commentary

further discourse on this case and on the significance for our constitutional order of recess appointments that linger beyond brief terms [1] and appropriations riders legislators rush into service to contain perceived executive excesses.[2]

---

1. *See* Note, *Constitutional Restrictions on the President's Power to Make Recess Appointments,* 79 Nw.U.L.Rev. 191 (1984).

2. *Cf.* Kaiser, *Congressional Action to Overturn Agency Rules: Alternatives to the "Legislative Veto",* 32 Ad.L.Rev. 667, 687–96 (1980); Parnell, *Congressional Interference in Agency Enforcement: The IRS Experience,* 89 Yale L.J. 1360, 1374–75 (1980).