Patrick ROWLEY, an underage male by Robert ROWLEY, his father and next friend, Plaintiff–Appellee,

v.

MEMBERS OF THE BOARD OF EDUCATION OF the ST. VRAIN VALLEY SCHOOL DISTRICT RE–1J, in their official capacities as members of the Board of Education; and the Colorado High School Activities Association, Defendants–Appellants.

Nos. 87–2418, 87–2448.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 1988.
Order Granting Motion to Dismiss Feb. 13, 1989.

Alexander Halpern (Gerald A. Caplan and Joy Fitzgerald with him on the brief) of Caplan and Earnest, Boulder, Colo., for defendant-appellant Colorado High School Activities Ass'n.

Richard N. Lyons of Grant, Bernard, Lyons & Gaddis, Longmont, Colo., for defendant-appellant Members of the Bd. of Educ. of the St. Vrain Valley School Dist. RE–1J.

Sharon E. Caulfield (James L. Harrison with her on the brief), of Davis, Graham & Stubbs, Denver, Colo., for plaintiff-appellee.

Before MCKAY and BALDOCK, Circuit Judges, and O'CONNOR *, District Judge.

MCKAY, Circuit Judge.

The Members of the Board of Education of the St. Vrain Valley School District and the Colorado High School Activities Association (CHSAA) appeal the Colorado district court's order granting plaintiff's motion for preliminary injunction.

At the time of the hearing on plaintiff's motion for preliminary injunction, plaintiff was a sophomore[1] at Erie High School, a four-year high school within the St. Vrain Valley School District. Erie High School participates in an athletic league in which all eight schools are members of CHSAA. The CHSAA rules and regulations governing its members prohibit boys from competing on sports teams which are designated for girls only. Handbook and Bylaws of CHSAA, Rule XXVI, Section 8. "Competition" in this setting is actual interscholastic competition, but does not include practice. Although Erie High School permitted plaintiff to practice with the girls' volleyball team, he could not compete in interscholastic games.

---

* Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

1. Plaintiff is now a junior at Erie High School.

Plaintiff sued in the Colorado district court for declaratory and injunctive relief under 42 U.S.C. § 1983 (1982) and 20 U.S.C. §§ 1681–1686 (1982) seeking to enjoin CHSAA and the Board from preventing him from participating in interscholastic volleyball competition solely because of his sex. Plaintiff alleges that this absolute prohibition on male participation violates his fourteenth amendment right to equal protection under the laws and his rights under Title IX of the Education Amendments of 1972.

At the conclusion of its hearing on Plaintiff's Motion for a Preliminary Injunction, the trial court orally granted his motion. The trial court subsequently issued a written order which permits plaintiff to compete for a position on and as a member of the interscholastic girls' volleyball team at Erie High School provided that he does not displace any member of the varsity team.

A district court may properly issue a preliminary injunction if the moving party establishes that there is a substantial likelihood that the movant will eventually prevail on the merits, that the movant will suffer irreparable injury unless the injunction issues, that the threatened injury to the movant outweighs any damage the proposed injunction may cause the opposing party, and that the injunction, if issued, will not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980). A preliminary injunction may be set aside by our court only if the trial court "abuses its discretion, commits an error of law, or is clearly erroneous in its preliminary factual findings." *Hartford House, Ltd. v. Hallmark Cards, Inc.*, 846 F.2d 1268, 1270 (10th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988). We set aside the preliminary injunction in this case because the trial court committed an error of law in its determination whether there was a substantial likelihood that the plaintiff would eventually prevail on the merits.

Federal courts review equal protection challenges to gender-based classifications under the intermediate scrutiny test formulated in *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). Under the intermediate test, a gender-based classification "must serve important governmental objectives and must be substantially related to achievement of those objectives." *Id.* at 197, 97 S.Ct. at 457. When a trial court tests a gender-based classification under this standard, the issue "is not whether the [classification] could have been drafted more wisely, but whether the lines chosen by the [drafter] are within constitutional limitations." *Kahn v. Shevin*, 416 U.S. 351, 356 n. 10, 94 S.Ct. 1734, 1737 n. 10, 40 L.Ed.2d 189 (1974). A rulemaker is not required to draw its rules so that its purposes are accomplished in the most, or even in a more, precise manner as long as the rule as drafted is substantially related to the achievement of important governmental objectives. *Id.*

In this case, we believe the trial court applied a more stringent test to this gender-based classification than is appropriate under *Craig.* The trial court articulated the intermediate test in its bench ruling (record, vol. 3, at 5); however, it impermissibly narrowed the test by stating that it also "must consider whether there [was] some less intrusive, less restrictive means to achieve the objective than a blanket prohibition" (record, vol. 3, at 8–9), "whether the legitimate government objective can be achieved by a more narrowly tailored rule" (record, vol. 3, at 6), and whether there is "some other solution" (record, vol. 3, at 11). The court ruled that the prohibition was overbroad, and therefore probably unconstitutional because a more narrowly tailored classification could have been drawn which could achieve the important governmental interests articulated by the defendants. Although the court did not articulate or apply the strict scrutiny test primarily reserved for consideration of race-based classifications, it clearly applied a more stringent test than mandated by *Craig. See Kahn*, 416 U.S. at 356 n. 10, 94 S.Ct. at 1737 n. 10.

Because the trial court committed an error of law by applying a more stringent test than constitutionally required in determining the plaintiff's likelihood of success on the merits of his equal protection claim,

we reverse the trial court's order granting plaintiff's motion for preliminary injunction.

REVERSED.

## ORDER

The parties' motion to dismiss for mootness is granted. Our judgment is vacated and our opinion *supra*, at 39 is withdrawn. The matter is remanded to the district court with instructions to vacate the judgment appealed. *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).