945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Homer A. HESS, et al., Debtors.
Kathryn A. BELFANCE, Trustee, Plaintiff-Appellee,
v.
BLACK RIVER PETROLEUM, INC., Defendant-Appellant.
 No. 91-3115.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 1
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and SILER, District Judge*.
 
 ORDER
 
 2
 Black River Petroleum, Inc. (Black River) appeals from an injunction issued sua sponte by the United States Bankruptcy Court for the Northern District of Ohio, enjoining counsel for Black River from proceeding in state court on a matter related to the Homer Hess bankruptcy then before the Bankruptcy Court. Black River appealed the injunction to the United States District Court for the Northern District of Ohio. The District Court dismissed Black River's appeal.
 
 
 3
 The Trustee, appellee here, argues that this Court should affirm the District Court's dismissal of the appeal. Among the grounds offered by the Trustee for dismissal is that the injunction issue is moot. The Trustee rests the mootness argument on the fact that the state court, prior to the Bankruptcy Court's injunctive order, continued its own proceedings pending further action in the Bankruptcy Court. Moreover, the Trustee argues that the injunction issue is moot because as a result of other developments in the Homer Hess bankruptcy, Black River would now be prevented from pursuing its state court claims under the automatic stay provision of the Bankruptcy Court, 11 U.S.C. § 362(a). At oral argument the Trustee agreed that dismissal of the appeal on mootness grounds would result in vacation of the injunction.
 
 
 4
 Black River argues vigorously that the injunction issue is not moot, disputing the Trustee's theory that the automatic stay would prevent it from pursuing its action in state court. Black River seeks a reversal of the District Court's dismissal of its appeal. On being allowed to appeal to the District Court, Black River would ask that the injunction be vacated. At oral argument Black River agreed that the relief it seeks is the same as the relief to be granted should the case be declared moot in accordance with the Trustee's argument. Black River therefore consented for purposes of this appeal for the injunction issue to be declared moot so that the injunction will be vacated in accordance with normal procedure in moot cases. See United States v. Munsingwear, 340 U.S. 36, 39 (1960).
 
 
 5
 The case is thus before this Court in a curious posture. The Trustee argues for dismissal on mootness grounds, an argument that would result in vacation of the injunction. Black River argues for reversal of the District Court's dismissal so that it may seek vacation of the injunction. Thus, although the parties do not agree on the merits of the case, the arguments they present to this Court lead to the same relief: vacation of the injunction.
 
 
 6
 Because both parties effectively seek the same relief, this Court treats the injunction issue as moot in accordance with Black River's concession without deciding that issue and orders that the injunction issued by the Bankruptcy Court be vacated. This order should not be construed as a ruling on the mootness issue nor as a ruling on the effectiveness of the automatic stay to prevent Black River's pursuit of its claims in state court.
 
 
 7
 Accordingly, we vacate the injunction and remand to the District Court for remand to the Bankruptcy Court for further proceedings.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation