57 F.3d 1066
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 INTERNATIONAL FOUNDATION FOR GENETIC RESEARCH (The Michael
Fund), a Pennsylvania nonprofit corporation; Michael
Policastro, by his next friend Patricia Policastro; Mary
Doe, preborn child in being as a human embryo, on behalf of
herself and all others similarly situated, Plaintiffs-Appellants,
v.
Donna E. SHALALA, Secretary of Health and Human Services, in
her official capacity; Department of Health and Human
Services; Harold Varmus, Dr., in his official capacity as
Director of the National Institutes of Health; National
Institutes Of Health; Steven Muller, in his official
capacity as member and Chairman of the Nih Human Embryo
Research Panel; R. Alta Charo, Patricia K. Donahoe, Dr.,
Kenneth J. Ryan, Dr., Thomas H. Murray, Dorothy Nelkin,
Nannerl O. Keohane, Bernard Lo, Dr., Brigid L.M. Hogan, Mark
R. Hughes, Dr., Ronald M. Green, Fernando Guerra, Dr.,
Andrew Hendrickx, Diane D. Aronson, Ola M. Huntley, Carol A.
Tauer, Mary C. Martin, Dr., John J. Eppig, and Patricia A.
King, in their official capacities as members of the Nih
Human Embryo Research Panel; Nih Human Embryo Research
Panel, Defendants-Appellees.
 No. 94-2367.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 1, 1995.
Decided: June 16, 1995.
 
 ARGUED: Rudolph Martin Palmer, Jr., Hagerstown, MD, for Appellants. Jacob Matthew Lewis, Civil Division, United States Department of Justice, Washington, DC, for Appellees. ON BRIEF: Frank W. Hunger, Assistant Attorney General, Mark B. Stern, Civil Division, United States Department of Justice, Washington, DC, for Appellees.
 Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In late 1993, the Department of Health and Human Services (HHS) established a nineteen-member Human Embryo Research Panel (Panel) to serve as "a panel of special consultants" to the Advisory Committee to the Director of the National Institutes of Health (NIH), and to "recommend guidelines for Federal funding of human embryo research." J.A. at 66. Requests for such funding had been flowing into NIH since enactment of the NIH Revitalization Act of 1993, Pub.L. No. 103-43, 107 Stat. 122 (codified at 42 U.S.C. Sec. 289a-1), which removed various obstacles to the funding of research involving human embryos. More specifically, Panel members were asked "to consider various areas of research involving the human embryo and provide advice as to those areas they view to be acceptable for Federal funding, areas that warrant additional review, and areas that are unacceptable for Federal support." J.A. at 66. The Panel held five public meetings between February 1994 and June 1994 as it formulated its recommendations.
 
 
 2
 In June 1994, while the Panel was in the midst of its deliberations, the appellants--who are opposed to human embryo research for various reasons[1]--brought this action seeking to prevent the Panel from proceeding further with its assignment. The appellants contended that the Panel violated the requirement of the Federal Advisory Committee Act (FACA), 5 U.S.C.App. 2, that "the membership of [an] advisory committee[2] ... be fairly balanced in terms of the points of view represented and the functions to be performed by the advisory committee." Id. at Sec. 5(b)(2). Thus, they complained, the Panel, "as presently constituted, is predisposed to recommend that the Secretary not withhold federal funding from at least some human embryo research projects," because "at least 10 of the 19 members of said Panel are current or former NIH grantees who have endorsed the principle and many of the protocols of extended and unfettered human embryo research." J.A. at 45. Their complaint requested relief in the form of (1) a declaration that the Panel violates the FACA's "fair balance" requirement, (2) the dissolution of the Panel, (3) an injunction against future meetings of and action by the Panel, and (4) a declaration that all actions undertaken by the Panel are "null and void in their entirety." J.A. at 53-54.[3] In August 1994, the appellants moved for a preliminary injunction "to prevent the Panel from holding any meetings or making any recommendations to NIH or the Secretary of Health and Human Services with regard to the issue of human fetal research." Doe v. Shalala, 862 F.Supp. 1421, 1423 (D. Md.1994). The Secretary responded with a motion in opposition, as well as a motion for summary judgment as to the case as a whole. The district court denied the appellants' request for a preliminary injunction, and granted the Secretary's motion for summary judgment, holding that the appellants failed to meet several standing requirements, and that the alleged violation of the FACA's "fair balance" requirement was nonjusticiable. See id. at 1426-31. This appeal followed.
 
 
 3
 On September 27, 1994, one day after the district court dismissed this case, the Panel issued its report and recommendations. The Advisory Committee to the Director of NIH adopted that report and those recommendations on December 2, 1994; that same day, President Clinton issued a press release thanking the Panel for its efforts and commenting on its recommendations. J.A. at 210. Because the Panel has concluded its meetings, has issued its report and recommendations, and is apparently no longer in existence, an order dissolving the Panel, or enjoining it from holding further meetings or issuing its recommendations, would be pointless. Appellants urge that we could declare the Panel's actions "null and void in their entirety," and issue an injunction preventing NIH from considering the Panel's recommendations, but we believe that this, too, would be a futile gesture on our part, given that the Panel's report and recommendations have already been considered by NIH and indeed by the President.[4] Because we would not be able to provide the relief requested by appellants, even if we were to rule in their favor, we dismiss this appeal as moot. See, e.g., Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies. To satisfy the Art. III case-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." (citation omitted)); Conyers v. Reagan, 765 F.2d 1124, 1127 (D.C.Cir.1985) ("[T]he actions that appellants seek to enjoin 'have already occurred and cannot be undone.' Accordingly, their claim for injunctive relief is moot." (citation omitted)).
 
 
 4
 Because we find that this case has become moot while on appeal, we vacate the judgment and order of the district court and remand with instructions that this action be dismissed. See United States v. Munsingwear, 340 U.S. 36, 39-41 (1950).
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 Mary Doe, "a preborn child in being as a human embryo," opposes research on human embryos for obvious reasons. The basis for the other appellants' opposition to embryonic research is less immediately apparent: Michael Policastro, who suffers from Down's Syndrome, and the International Foundation for Genetic Research ("The Michael Fund"), a Down's Syndrome research advocacy group, both fear that if the federal government were to expend funds on embryonic research, it would be forced to reduce the amount of funding it devotes to Down's Syndrome research. J.A. at 42-43. Policastro and the Michael Fund also fear that the practice of human embryo research "will have the effect of making socially acceptable, and ultimately fully legal, the destruction of people affected with Down's syndrome." J.A. at 42
 
 
 [2]
 The appellees vigorously contend that the Panel was not an "advisory committee" subject to the FACA requirements. Because we find this appeal to be moot, we do not address this or any other argument raised by the appellees
 
 
 [3]
 The appellants also contended that Sec. 101(b) of the NIH Revitalization Act of 1993, 42 U.S.C. Sec. 289a-1(b), is unconstitutional, and sought a declaration to that effect, as well as an injunction preventing the future appointment of ethics advisory boards or panels pursuant to that Act. See J.A. at 53-54. However, it appears that the appellants have abandoned this claim, as it is not discussed in their briefs before this court; indeed, there is some question as to whether this claim was ever ripe, because the Panel may not have been appointed pursuant to that Act. To the extent that the claim was at some point ripe and that appellants have not abandoned their claim that Sec. 101(b) is unconstitutional, the completion of the Panel's activities renders this claim no longer ripe for review
 
 
 [4]
 Appellants do not suggest that their request for "such actual damages as proved at trial," J.A. at 54, saves this appeal from mootness, and we indeed see no basis in the FACA for an award of damages