USCA1 Opinion

 

 O c t o b e r 5 , 1 9 9 5 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ______________________ No. 95-1112 ANTONIO JOSE P. MOTTA, Plaintiff, Appellee, v. DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION SERVICES, Defendant, Appellant. _______________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on August 8, 1995, is amended as follows: Page 2, line 12: Delete "INS's" UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1112 ANTONIO JOSE P. MOTTA, Plaintiff, Appellee, v. DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION SERVICES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Charles E. Pazar, Attorney, Office of Immigration, Civil ___________________ Division, with whom Frank W. Hunger, Assistant Attorney General, Civil _______________ Division, and Emily Anne Radford, Office of Immigration Litigation, ___________________ Civil Division, United States Department of Justice, were on brief for appellant. Joseph S. Callahan for appellee. __________________ ____________________ August 8, 1995 ____________________ 2 Per Curiam. Respondent-appellant, the District ___________ Director of the Immigration and Naturalization Service ("INS"), appeals from the judgment of the district court regarding appellee Antonio Jose Pacheco Motta's petition for writ of habeas corpus. Motta v. District Director, INS, 869 _____ ______________________ F. Supp. 80, 98 (D. Mass. 1994). Facing imminent deportation under 8 U.S.C. 1182(a)(2)(A)(I) (Supp. V 1994), Motta petitioned for the writ, alleging that his right to Due Process under the Fifth Amendment had been violated during the course of his earlier deportation proceedings. Although the district court did not order his release, it stayed his deportation until the Board of Immigration Appeals ("BIA") could issue a decision on Motta's pending motion to reopen his deportation proceeding, and for ninety days thereafter to permit review of that decision, if necessary, by the U.S. Court of Appeals for the First Circuit. Id. The INS ___ appealed. The BIA has not yet issued a decision. During oral argument, we raised with counsel the possibility that a settlement might be in the best interests of both parties. Counsel for the INS indicated that the INS might be willing to extend to Motta a temporary stay of deportation comparable to that ordered by the district court if the lower court decision establishing what the INS sees as a dangerous and erroneous precedent were vacated. Counsel for Motta indicated that this might be a desirable -3- 3 resolution for his client as well, since it removes any risk that this Court would agree with the INS and reverse the district court's stay of deportation. At the end of argument, we directed counsel to discuss a possible settlement with their clients and to advise this Court within 10 days as to whether such an agreement would be possible. The INS subsequently informed this Court that the INS would stay Motta's deportation during the pendency of his appeal to the BIA and for an additional ten days thereafter to afford time to file a petition for review before the Court of Appeals, if necessary. Motta's counsel has indicated that he accepts the tendered INS stay. There now being no actual controversy between the two parties, we hold that this appeal is moot and vacate the lower court's decision. United States v. Munsingwear, Inc., _____________ _________________ 340 U.S. 36, 39-40 (1951). In vacating the lower court's decision, we have taken pains to consider whether this appeal falls within the Supreme Court's prohibition against vacatur in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 _________________________ _______________________ S. Ct. 386 (1994). We conclude that it does not. In Bancorp, the Court held that "[w]here mootness results from _______ settlement . . . , the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable -4- 4 remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." Id. at 392.  ___ Here, given the different posture of this case, the equities plainly favor vacatur. The INS did not by its own initiative relinquish its right to vacatur, as the petitioner did in Bancorp. Rather, the INS has at all times sought to _______ pursue its appeal; it has agreed to consider settlement only at the suggestion of this Court, the proposed settlement being an inexpensive, simple, and speedy way to accommodate the interests of both parties. As the INS has not initiated the relinquishment of its right to the remedy, the same equitable calculus underlying Bancorp is not present. Nor, _______ given this Court's involvement and initiative in the proceedings, does vacatur in this case implicate the concerns expressed by the Bancorp Court about giving parties undue _______ control over judicial precedents. We see no appreciable harm to the orderly functioning of the federal judicial system by vacating judgment. To be sure, it can be argued that depriving the public and the judicial system of the precedential value of the district court's opinion works a kind of harm. But we do not believe that such a species of harm is entitled to take priority over the parties' best interests. Placing the former above the latter would be inequitable. This case contrasts with the usual appeal, where vacatur is only one -5- 5 consideration among others in a settlement. Here, the INS, as a repeat player before the courts, is primarily concerned _________ with the precedential effect of the decision below. If that decision stands, all possibility of a settlement is eliminated. If it is vacated, the appellee acquires the absolute certainty of not being deported, while the government saves the costs and risk of litigation a win for both sides. It is true the Bancorp Court discusses and _______ rejects the possible impact of its rule in discouraging settlements. Id. at 393. But it does so in aggregate, ___ saying in the end that "[w]e find it quite impossible to assess the effect of our holding, either way, upon the frequency or systemic value of settlement." In this case, by contrast, the negative impact on settlement is absolutely clear. We think this case presents "exceptional circumstances" to which the Court referred in Bancorp.  _______ We accordingly vacate the district court's decision and remand with directions to dismiss this suit as moot. We also deny, as moot, the INS's pending motion for leave to file a supplemental brief. Each party will bear its own costs. So ordered.  __________ -6- 6