NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNIQUE PRODUCT SOLUTIONS, LIMITED,**
*Plaintiff-Appellant,*

**AND**

**UNITED STATES,**
*Intervenor-Appellant,*

**v.**

**HY-GRADE VALVE, INC.,**
*Defendant-Appellee.*

---

2011-1254, -1284

---

Appeals from the United States District Court for the Northern District of Ohio in case no. 10-CV-1912, Judge Dan Aaron Polster.

---

## ON MOTION

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

LINN, *Circuit Judge.*

## ORDER

Hy-Grade Valve, Inc. (HGV) moves without opposition to dismiss this appeal. The United States responds and

requests that this court also vacate the decision of the United States District Court for the Northern District of Ohio.

On September 16, 2011, the President signed into law the Leahy–Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess.2011), amending 35 U.S.C. § 292 to eliminate the qui tam provision on which this action was predicated. This act included the following text regarding the effective date of this provision: "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Leahy–Smith America Invents Act, Pub.L. No. 112–29 § 16(b)(4), 125 Stat. 284, 329 (2011) ("the Act").

In light of the amendments to 35 U.S.C. § 292, this case is moot. Because the circumstance that rendered this case moot was the amendment of § 292(b) by Congress, it is appropriate to vacate the district court's determination. 28 U.S.C. § 2106; see Alvarez v. Smith, 130 S.Ct. 576, 581 (2009) ("Applying this statute, we normally do vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which ... was only preliminary.' "(citing United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950))); Tafas v. Kappos, 586 F.3d 1369, 1371 (Fed.Cir.2009) ("Vacatur ... is appropriate if the mootness arises from external causes over which the parties have no control" (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994))).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the district court's judgment is vacated and the case is remanded with instructions to dismiss the complaint.

(2) Each party shall bear its own costs.

FOR THE COURT

JAN 1 8 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Gregory R. Jones, Esq.
     Mark J. Skakun, III, Esq.
     Douglas N. Letter, Esq.

s20

Issued As A Mandate:  JAN 1 8 2012

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 8 2012

JAN HORBALY
CLERK