# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

No. 16-20445

—————

MARVIN RAY YATES; KEITH COLE; JACKIE BRANNUM; RICHARD ELVIN KING; FRED WALLACE; LAVAR JOHN SANTEE,

   Plaintiffs - Appellees

v.

BRYAN COLLIER; ROBERTO M. HERRERA; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

   Defendants - Appellants

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:\*

   This interlocutory appeal arises out of a preliminary injunction that Appellees obtained and have since allowed to expire. For the reasons set out below, we **DISMISS** the appeal as **MOOT**, **VACATE** the district court's order, and **REMAND** for proceedings consistent with this opinion.

---

  \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20445

## I.

This is a conditions of confinement case brought by prisoners housed in the Wallace Pack Unit ("Pack Unit") of the Texas prison system. The prisoners allege that they are exposed to extreme heat throughout the summer months and that such exposure, without sufficient mitigation, violates the Eighth Amendment's ban on cruel and unusual punishment. To mitigate the effects of the heat, the Texas Department of Criminal Justice ("TDCJ") encourages its prisoners to drink water. However, the water served at the Pack Unit contains more arsenic than the maximum prescribed (but not yet fully enforced) under federal regulations promulgated by the Environmental Protection Agency ("EPA").

Armed with these undisputed facts, the prisoners, on May 23, 2016, filed a motion for preliminary injunction, seeking any and all relief necessary to "stop the Texas Department of Criminal Justice from exposing them to the combination of dangerously high temperatures 'mitigated' primarily by water poisoned with arsenic." On June 21, 2016, the district court issued the injunction, ordering the TDCJ "to provide drinking water to the inmates at the Wallace Pack Unit that conforms with EPA maximum contaminant level requirements for arsenic beginning not later than [July 6, 2016] and continuing until September 22, 2016."

On September 23, 2016, the preliminary injunction automatically expired pursuant to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2). We must therefore first determine whether we have jurisdiction to address the merits of this injunction.

No. 16-20445

## II.

"Because mootness is jurisdictional," we cannot reach the merits of an injunction that is moot.[1] Generally, when an injunction "expires by its own terms," it is moot and "there is nothing to review."[2]

The TDCJ, however, asserts that this appeal falls into an exception to mootness known as capable of repetition yet evading review. A dispute is capable of repetition yet evading review if: (1) the challenged action is too short in duration "to be fully litigated prior to its cessation or expiration," and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again."[3] The Supreme Court has noted that "the capable-of-repetition doctrine applies only in exceptional situations . . . ."[4] "Accordingly, a party seeking to invoke this exception . . . bears the burden of showing its application."[5]

The TDCJ has not established that it will be subject to the same preliminary injunction in the future. The Pack Unit was, as of last summer, the only Texas prison unit serving water that violates the EPA's current arsenic-related guidelines. And the TDCJ has assured us that, by next summer, the Pack Unit will enjoy "a new filtration system" that will ensure that these violations do not recur.

We see no evidence that the TDCJ will be subject to the same injunction in the future. The injunction is therefore moot, not capable of repetition yet evading review.

---

[1] *Goudeau v. Dental Health Servs., Inc.*, 125 F.3d 852 (5th Cir. 1997).

[2] *Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of Am. (AFL-CIO)*, 36 F.3d 712, 713 (7th Cir. 1994).

[3] *Williams v. Ozmint*, 716 F.3d 801, 809–10 (4th Cir. 2013).

[4] *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

[5] *Williams*, 716 F.3d at 810.

## No. 16-20445

### III.

Having determined that the TDCJ's appeal is moot, we now vacate the district court's order. Our vacatur jurisprudence requires a case-by-case "weighing [of] the equities . . . ."[6] We have stated however, albeit in dicta, that "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court."[7]

The TDCJ's appeal is moot because the prisoners allowed their preliminary injunction to expire. True, the preliminary injunction automatically expired pursuant to the PLRA, but the prisoners could have sought an extension in order to allow us to review it on appeal. They chose not to do so. We, in turn, vacate the district court's order.[8]

### IV.

We dismiss the TDCJ's appeal as moot, vacate the district court's order, and remand for proceedings consistent with this opinion.

---

[6] *Staley v. Harris Cty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc).

[7] *Id.* (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)).

[8] *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950) (recognizing that vacatur is intended to prevent "unreviewable" judgments "from spawning any legal consequences" whatsoever); *see also Salter v. Continental Casualty Co.*, No. 5:03CV221(DF), 2004 WL 5573421, at *5 (M.D. Ga. Oct. 29, 2004) (noting that district courts are "inclined to follow the example of other district courts within [their] circuit").