# SUPREME COURT OF THE UNITED STATES

MICHELLE CHAPMAN, CLERK, CIRCUIT COURT OF
MISSOURI, RANDOLPH COUNTY *v.* JANE DOE, BY
NEXT FRIEND ANTHONY E. ROTHERT

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 22–312.   Decided March 20, 2023

The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eighth Circuit with instructions to dismiss the case as moot. See *United States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950).

JUSTICE JACKSON, dissenting.

I am concerned that contemporary practice related to so-called "*Munsingwear* vacaturs" has drifted away from the doctrine's foundational moorings.

\* \* \*

When a case becomes moot, the losing party is generally deprived of the right to appeal the merits of an adverse decision. *U. S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, 513 U. S. 18, 21–22 (1994). In *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 38–39 (1950), this Court observed that, sometimes, that result might be especially unfair, and thus a request for vacatur of the lower court's judgment may be entertained, and granted, to address the inequity. But the Court declined to do so in *Munsingwear* itself because the equities did not favor the party requesting that relief, as the party had "slept on its rights." *Id.*, at 41. Later, this Court clarified that this "*Munsingwear* vacatur" remedy is available only in "extraordinary" or "exceptional" cases where a party meets the burden of demonstrating equitable entitlement to vacatur in an otherwise moot case. *Bancorp*, 513 U. S., at 26, 29.

Here, the majority has acquiesced to the parties' joint request for a *Munsingwear* vacatur. This case involves a lawsuit that respondent Doe filed in the U. S. District Court for the Eastern District of Missouri, invoking Rev. Stat. §1979, 42 U. S. C. §1983 and alleging that petitioner Chapman violated the Fourteenth Amendment when she denied Doe access to a judicial bypass for an abortion without parental notification. The Eighth Circuit rejected Chapman's plea for quasi-judicial and qualified immunity, see 30 F. 4th 766 (2022), after which this Court issued *Dobbs* v. *Jackson Women's Health Organization*, 597 U. S. ___ (2022). That decision led the parties to jointly stipulate to dismiss Doe's civil action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), thereby mooting the case. Doe could only have effectuated a dismissal of her case without a court order if Chapman agreed to the dismissal, see *ibid.*, and, apparently, Chapman agreed on the condition that Doe did not object to a request for *Munsingwear* vacatur from this Court.

Whatever the parties might have seen fit to agree to, we have long recognized that the equities generally do not favor *Munsingwear* vacatur when the party requesting such relief played a role in rendering the case moot. See, *e.g.*, *Bancorp*, 513 U. S., at 25; *United States* v. *Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U. S. 466, 478 (1916). Chapman contributed to the mootness of this case insofar as she stipulated to its dismissal. And it is not unfair for us to now deprive her of the benefit of this bargain, since this form of relief is discretionary, and Chapman had other viable options including relying on her original request that the Court grant a petition for certiorari, vacate the Eighth Circuit's judgment, and remand in light of *Dobbs*—our ordinary process for addressing intervening developments in the law.

Even more fundamentally, this case presents absolutely no "extraordinary" circumstances justifying *Munsingwear*

relief. *Bancorp*, 513 U. S., at 26, 29. The underlying matter was voluntarily dismissed, and Chapman does not contend that she is somehow bound to the judgment below; thus, no unfairness inures from Chapman's loss of the right to appeal. Indeed, Chapman's only argument in support of vacatur is that the Eighth Circuit's opinion was wrongly decided. But mere disagreement with the decision that one seeks to have vacated cannot suffice to warrant equitable relief under *Munsingwear*. See *Bancorp*, 513 U. S., at 27 (finding it "inappropriate . . . to vacate mooted cases, in which we have no constitutional power to decide the merits, on the basis of assumptions about the merits," and emphasizing that issuance of vacatur should turn on the equities of the individual case).

In my view, it is crucial that we hold the line and limit the availability of *Munsingwear* vacatur to truly exceptional cases. To do otherwise risks considerable damage to first principles of appellate review, since at least three background precepts counsel against indiscriminate vacatur of a lower court's judgment:

(1) an appellate court generally does not have jurisdiction to review a moot case, much less issue an order awarding relief in the matter;

(2) *Munsingwear* vacatur is an exception to the statutorily prescribed path for obtaining relief from adverse judgments (namely, appeals as of right and certiorari); and

(3) our common-law system assumes that judicial decisions are valuable and should not be cast aside lightly, especially because judicial precedents "'are not merely the property of private litigants,'" but also belong to the public and "'legal community as a whole.'" *Bancorp*, 513 U. S., at 21, 26–27 (citation omitted). Injudicious awards of *Munsingwear* vacatur can also incentivize gamesmanship, as it, for example, enables parties to disclaim potential mootness before the lower court, and, if unsuccessful on the merits at

that stage, argue mootness on appeal to eliminate the adverse decision through vacatur.*

*　　*　　*

While these core principles warrant an exceedingly cautious approach to *Munsingwear* vacatur requests, our recent practices reflect a sharp uptick in the number of vacaturs awarded.  I would not add this far-from-exceptional case to that growing list.

————————
　　*See*, *e.g., Mayorkas* v. *Innovation Law Lab*, 594 U. S. ___ (2021) (issuing *Munsingwear* vacatur in a case where, after a preliminary injunction against the Government was imposed and the appellate court affirmed, the Government ceased the challenged policy and then asked this Court to vacate the lower court opinion as moot); *Maryland* v. *United States Dept. of Ed.*, 2020 WL 7773390, *1 (D DC, Dec. 29, 2020) (party argued to District Court that an issue was not moot but reversed course and argued to the appellate court that the issue *was* moot, so as to obtain vacatur of the adverse decision).