**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SWAN VIEW COALITION; FRIENDS OF THE WILD SWAN, | No. 22-35137 |
| Plaintiffs-Appellants, | D.C. Nos. 9:19-cv-00056-DWM 9:19-cv-00060-DWM |
| v. | MEMORANDUM[*] |
| KURTIS E. STEELE, in his capacity as Forest Supervisor for the Flathead National Forest; UNITED STATES FOREST SERVICE, a federal agency; MARTHA WILLIAMS, in her official capacity as Principal Deputy Director, Fish and Wildlife Service; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; DEB HAALAND, in her official capacity as Secretary of the Interior; VICKI CHRISTIANSEN, Chief of the U.S. Forest Service, | |
| Defendants-Appellees, | |
| MONTANA LOGGING ASSOCIATION; AMERICAN FOREST RESOURCE COUNCIL, | |
| Intervenor-Defendants-Appellees. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted May 12, 2023
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

Plaintiffs-Appellants Swan View Coalition and Friends of the Wild Swan (collectively, Swan View) appeal from the district court's decision on cross-motions for summary judgment in this dispute regarding the Endangered Species Act (ESA) and the National Environmental Policy Act (NEPA). Our jurisdiction is governed by 28 U.S.C. § 1291. We review de novo a district court's rulings on cross-motions for summary judgment. *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

Swan View's claims that the United States Forest Service (Forest Service) and the United States Fish and Wildlife Service (FWS) violated the ESA by issuing and relying on a 2017 Biological Opinion (BiOp) are moot. The FWS issued a superseding BiOp in 2022, and "the issuance of a superseding BiOp moots issues on appeal relating to the preceding BiOp." *Grand Canyon Tr. v. U.S. Bureau of*

*Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012) (citing *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1124 (9th Cir. 1997)).  Our precedent holding that the issuance of a superseding Environmental Assessment (EA) does not moot a legal challenge to an earlier EA where the challenged portions of the earlier EA were incorporated by reference in the superseding EA, *see 350 Mont. v. Haaland*, 50 F.4th 1254, 1264 (9th Cir. 2022), is not applicable.  The environmental document at issue here is a BiOp, not an EA, and the 2022 BiOp does not incorporate by reference the challenged portions of the 2017 BiOp.  Because Swan View's challenge to the 2017 BiOp became moot due to the FWS's issuance of a superseding BiOp, we vacate the portion of the district court's summary judgment rulings addressing Swan View's ESA claims and remand with instructions for the district court to dismiss the ESA claims as moot.  *See All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1032 (9th Cir. 2018) (citing *United States v. Munsingwear*, 340 U.S. 36, 39 (1950)).

We reject Swan View's argument that the Forest Service violated NEPA by failing to consider or disclose the environmental impact of its revised road management framework on grizzly bears or bull trout.  The Final Environmental Impact Statement (FEIS) fully disclosed the Forest Service's departure from the requirements under Amendment 19 (including the potential negative impacts to

listed species) and considered alternatives to the departure. The FEIS addressed and rejected plaintiffs' comments that the change would harm grizzly bear populations and habitat.[1] The FEIS also disclosed the impact on bull trout of implementing the discretionary standards in Guideline FW-GDL-CWN-01 which replaced the prior plan's mandatory culvert management and removal requirements. Among other reasons, the FEIS offered an adequate explanation of its decision to implement the Guideline, and also included a plan to monitor culverts in order to address the impacts of sedimentation on bull trout and the bull trout habitat. Therefore, the Forest Service did not ignore any adverse impact of the FEIS (on grizzly bears and bull trout) and took "the requisite 'hard look'" at the environmental consequences of its actions, *The Lands Council v. McNair*, 537 F.3d 981, 1001 (9th Cir. 2008) (en banc), regardless whether Swan View agrees with its scientific conclusion, *see id.* at 1003.

Because the Forest Service adequately fulfilled its obligations under NEPA of disclosure and reasoned explanation, *see Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349–52 (1989), and NEPA involves different standards

---

[1] The FEIS disclosed and considered reports regarding grizzly bears' avoidance of closed roads, regardless of motorized use, and quotes a report stating that grizzly bears did not avoid closed roads or roads used by less than 10 vehicles per day. Therefore, to the extent Swan View argues that the FEIS did not take a hard look at this issue, it is meritless.

than the ESA, *see Env't Prot. Info. Ctr. v. U.S. Forest Serv.*, 451 F.3d 1005, 1012 (9th Cir. 2006), the district court's conclusion that the 2017 BiOp was deficient in certain respects in addressing the reclaimed road standard and mandatory culvert removal did not necessarily mean that the FEIS violated NEPA in addressing those issues, and we reject Swan View's argument to the contrary.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**[2]

---

[2] All parties shall bear their own costs on appeal.