NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0481n.06

No. 22-4029

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

TERRY LARSON,

      Plaintiff-Appellant,

v.

LASHANN EPPINGER, et al.,

      Defendants,

KEITH J. FOLEY; JANICE DOUGLAS;
ANDREW D. EDDY; ROGER WILSON;
KAREN STANFORTH; JENNIFER
BARRY, Mental Health Administrator 3;
M. O'CALLAHAN; KAI ADAMS,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Nov 21, 2023
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
OHIO

OPINION

Before: WHITE, STRANCH, and NALBANDIAN, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Terry Larson is a former Ohio inmate who filed this lawsuit in September 2020 seeking declaratory and injunctive relief under the Americans with Disabilities Act and the Rehabilitation Act of 1973. The complaint sought a declaration that Larson was a qualified individual with a disability under the Acts, an injunction ordering that he be granted a single-man cell to accommodate his disability, and various other forms of equitable relief. On October 20, 2022, the district court dismissed Larson's complaint, and on November 8, 2022, it denied his motion to reconsider. Larson timely noted this appeal.

While this appeal was pending, it came to the court's attention that Larson, who was incarcerated at the time he filed the complaint, had been released on parole. *See Terry Larson*,

Ohio Dep't of Rehab. & Corr., https://perma.cc/N5SP-NYTC.  Because Larson's suit seeks only prospective relief, the Clerk issued an order directing Larson to show cause why the case should not be dismissed as moot.  On October 4, 2023, Larson's counsel informed the court that, although she had been unable to contact Larson, she had confirmed that he had been released on parole and was no longer incarcerated.  She also expressed her belief that the case was now moot.

Given this posture of the case, the Clerk entered an order on October 27, 2023, directing the parties to provide their positions as to whether vacatur of the district court opinion was the appropriate remedy.  The parties responded on November 6, 2023.  Larson, having now been in contact with counsel, asked us to vacate the district court's opinion, taking the position that vacatur is indeed the proper remedy.  Appellees did not object.

Accordingly, we **VACATE** the district court's order and **REMAND** with instructions that the case be dismissed as moot.  *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).  We also **DENY** as moot Larson's motion requesting oral argument, ECF No. 23.