UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN DYER REYNOLDS,

        Plaintiff-Appellee,

 v.

DEAN E. PRESTON,

        Defendant-Appellant.

No. 23-15504

D.C. No. 3:22-cv-08408-WHO
Northern District of California,
San Francisco

ORDER

Before: KOH, H.A. THOMAS, and DESAI, Circuit Judges.

The panel has unanimously voted to **GRANT** the petition for panel rehearing, Dkt. No. 48. The memorandum disposition filed on June 3, 2024, is hereby amended. The amended disposition will be filed concurrently with this order. No future petitions for panel rehearing or rehearing en banc will be entertained.

SUSAN DYER REYNOLDS,

        Plaintiff-Appellee,

  v.

DEAN E. PRESTON,

        Defendant-Appellant.

No.   23-15504

D.C. No. 3:22-cv-08408-WHO

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted May 30, 2024
San Francisco, California

Before:  KOH, H.A. THOMAS, and DESAI, Circuit Judges.

     Dean E. Preston, a member of the San Francisco Board of Supervisors,

appeals a district court order denying his motion to dismiss Susan Dyer Reynolds's

claim that Preston violated Reynolds's First Amendment rights by blocking her on

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Twitter.[1] "We have jurisdiction under the collateral order doctrine to review a district court's rejection of a qualified immunity defense at the motion to dismiss stage, and we review such a denial de novo." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (citations omitted). We reverse and remand for the district court to dismiss Reynolds's claim for damages.

To overcome a qualified immunity defense at the motion to dismiss stage, a plaintiff must show that, "accepting all of [the plaintiff's] allegations as true, [the defendant's] conduct '(1) violated a constitutional right that (2) was clearly established at the time of the violation.'" *Id.* (quoting *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022)). Reynolds argues that Preston's conduct violated law clearly established by our decision in *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158 (9th Cir. 2022), *vacated*, 601 U.S. 205 (2024). But the Supreme Court has since vacated that decision. *O'Connor-Ratcliff v. Garnier*, 601 U.S. 205, 208 (2024). This vacatur prevents our decision in *Garnier* "from spawning any legal consequences"—including the consequence of clearly establishing the violation of a constitutional right. *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)). Reynolds cites no

---

[1] Since Reynolds filed her complaint, Twitter has been renamed X. Irina Ivanova, *Twitter is Now X. Here's What That Means.*, CBS News (July 31, 2023, 2:18 PM), https://www.cbsnews.com/news/twitter-rebrand-x-name-change-elon-musk-what-it-means/ [https://perma.cc/98P6-QDD4].

other case clearly establishing that blocking her on Twitter violated her First Amendment rights.

Absent clearly established law, Preston is entitled to qualified immunity. *See Polanco*, 76 F.4th at 925. We therefore reverse the judgment of the district court and remand with instructions to dismiss Reynolds's claim for damages.

**REVERSED and REMANDED.**