87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LEPRINO FOODS COMPANY, Plaintiff-Appellant,
v.
Dan GLICKMAN, Secretary, Defendant-Appellee,
and
Joseph Vierra, individually and on behalf of the California
Dairy Campaign, Defendant-Intervenor-Appellee.
STATE OF CALIFORNIA; Henry J. Voss, Secretary of Food and
Agriculture for the State of California,
Plaintiffs-Appellants,
v.
Dan GLICKMAN, Secretary, Defendant-Appellee,
and
Joseph Vierra, individually and on behalf of the California
Dairy Campaign; Loren Lopes, on behalf of the California
Dairy Campaign; Scott Magnuson, on behalf of the California
Dairy Campaign, Defendant-Intervenors-Appellees.
STATE OF CALIFORNIA, on behalf of the Department of Food and
Agriculture, Plaintiff,
and
San Joaquin Valley Dairymen; Danish Creamery Association;
Dairyman's Cooperative Creamery Association;
California Cooperative Creamery,
Plaintiffs-Appellants,
v.
Dan GLICKMAN, Secretary, Defendant-Appellee,
and
Joseph Vierra, individually and on behalf of the California
Dairy Campaign; Scott Magnuson, on behalf of the California
Dairy Campaign; Loren Lopes, on behalf of the California
Dairy Campaign, Defendant-Intervenors-Appellees.
STATE OF CALIFORNIA, on behalf of the Department of Food and
Agriculture; Henry J. Voss, Secretary of Food and
Agriculture for the State of California,
Plaintiffs,
and
Besnier America Inc.; Crystal Cream and Butter Co.; F & A
Dairy of California; Foster Farms Dairy; Integrated
Protein Technology; Hilmar Cheese Company, Inc.; Pacific
Cheese; Pelusa Cheese Co. et al., Plaintiffs-Appellants,
v.
Dan GLICKMAN, Secretary, Defendant-Appellee,
and
Joseph Vierra, individually and on behalf of the California
Dairy Campaign; Loren Lopes, on behalf of the California
Dairy Campaign; Scott Magnuson, on behalf of the California
Dairy Campaign, Defendant-Intervenors-Appellees.
STATE OF CALIFORNIA, on behalf of the Department of Food and
Agriculture, Plaintiff,
and
Dairy Institute of California, Plaintiff-Appellant,
v.
Dan GLICKMAN, Secretary, Defendant-Appellee,
and
Joseph Vierra, individually and on behalf of the California
Dairy Campaign; Loren Lopes, on behalf of the California
Dairy Campaign; Scott Magnuson, on behalf of the California
Dairy Campaign, Defendant-Intervenors-Appellees.
 No. 94-16889, 94-16896, 94-16957, 94-16958, 94-16959.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1996.
Decided June 07, 1996.
 
 Before: HUG, Chief Judge, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The repeal of Section 102 of the Food, Agriculture, Conservation, and Trade Act of 1990, 7 U.S.C. § 1446e-1, by the Federal Agriculture Improvement and Reform Act of 1996, Pub.L. 104-127, 110 Stat. 888 et seq., has rendered this appeal moot. The appellants urge this court to determine that the action is not moot because the repeal of Section 102 is prospective only and they fear prosecution under the Section for alleged violations of the statute prior to May 1, 1996. While it is true that other prospectively repealed statutes have been challenged in federal court without becoming moot, these suits have all involved statutes which were enforced during their effective life in such a manner as to cause damage. E.g., Abie State Bank v. Weaver, 282 U.S. 765 (1931); cf. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978). In contrast, Section 102 has never been interpreted by the Secretary of Agriculture. The Secretary has consistently stated that the Section will not be applied against any of the appellants without such an interpretation. If the Secretary is to be taken at his word, this statute can never be enforced against the appellants.
 
 
 3
 "Mootness is 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' " Native Village v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). Without expressing any opinion on the merits of the appeal, we note that whatever standing the appellants may have had due to federal interference with California's milk regulations or fear of prosecution under the statute has been rendered moot. The appellants' actions cannot be chilled or challenged by a statute that no longer exists. This court, therefore, is without jurisdiction to entertain this appeal. Geraghty, 445 U.S. at 395-97.
 
 
 4
 Because this case has become moot pending our decision on the merits, the opinion of the district court is vacated, and the case is remanded with directions to dismiss. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3