99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
and
John P. Shelton, Esq.; Approximately 156 ACI Investors;
ACI Investors Protective Association; William
Shaw, Appellants,
v.
AMERICAN CAPITAL INVESTMENTS, INC., Defendant-Appellee.
 No. 95-56705.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Oct. 22, 1996.
 
 Before: FLETCHER and TASHIMA, Circuit Judges, and RESTANI,* Court of International Trade Judge.
 MEMORANDUM**
 This is an appeal from an order refusing to disqualify a receiver and, purportedly, to terminate and wind up a district court receivership proceeding ("Disqualification Order"). The receivership was part of an SEC civil enforcement action. Appellants are defrauded investors ("appellants" or "Investors") in the receivership defendant, American Capital Investments, Inc. ("ACI"). Appellee was Richard G. Shaffer ("Shaffer"), the court-appointed receiver for ACI ("Receiver"). Appellee now is Willie R. Barnes ("Barnes"), who succeeded Shaffer as Receiver, following Shaffer's April 1996 death.
 We dismiss this appeal as mooted by Shaffer's death, and remand with instructions.
 BACKGROUND
 The district court appointed Shaffer to be ACI's permanent Receiver in September 1993. In this appeal, the Investors paint an unflattering picture of Shaffer as a corrupt and incompetent fiduciary. They charge Shaffer with wrongdoing in his administration of the receivership estate, and in his sale of ACI's assets to the JH Financial Group (the "JH sale").
 On April 28, 1995, appellants filed their motion to disqualify Shaffer as Receiver and to terminate the receivership ("Disqualification Motion"). This motion followed the Investors' failed attempts to prevent the confirmation of the JH sale and to stay the sale pending appeal. The motion came just as the district court issued two amendatory orders finally clearing the way for the JH sale's closing. This closing took place on June 30, 1995, before the district court had ruled on the Disqualification Motion.
 Although captioned in part as a motion to terminate the receivership, the Disqualification Motion did not state any legal grounds for the termination of the receivership. The motion and its supporting papers instead made ten discrete factual allegations of wrongdoing, and then argued various legal grounds in support of these allegations for the removal of Shaffer.
 On October 18, 1995, the district court denied the Disqualification Motion. The Disqualification Order did not address whether to terminate and wind up the receivership. The district court simply found that the evidence was insufficient to support the Investors' charges, and that "it would not be in the best interests of the estate to remove [Shaffer] at this time."
 This appeal followed. Shaffer passed away in April 1996, after appellants had filed their opening brief. Barnes filed a responsive brief contending, inter alia, that this appeal is now moot. Appellants' reply brief maintains that this appeal still presents live issues. In the alternative, appellants have requested a vacatur of the Disqualification Order so that it will have no preclusive effect in future litigation.
 DISCUSSION
 A. Jurisdiction under 28 U.S.C. § 1292(a)(2)
 Appellants contend that this court has jurisdiction of this appeal under 28 U.S.C. § 1292(a)(2), which permits appeals from interlocutory orders "refusing orders to wind up receiverships...." Id. The Receiver contends, however, that the Disqualification Motion and Order were only nominally about terminating and winding up the receivership. In substance, the Receiver argues, this appeal concerns exclusively the district court's refusal to remove Shaffer. The Receiver asserts that this issue is not interlocutorily appealable.
 We agree with the Receiver that appellants have not properly presented the issue of terminating and winding up the receivership, either to the district court or to this court.
 Fed.R.Civ.P. 7(b)(1) requires that a motion "shall state with particularity the grounds therefore, and shall set forth the relief or order sought." On appeal, the appellant's brief
 must contain the contentions of the appellant on the issues presented, and the reasons therefore, with citations to the authorities, statutes, and parts of the record relied on. The argument must also include for each issue a concise statement of the applicable standard of review....
 Fed.R.App.P. 28(a)(6).
 Appellants' district court and appellate pleadings are fatally deficient under these rules, for purposes of presenting the issue of terminating and winding up the receivership. Although the Disqualification Motion included an appropriate prayer, the supporting papers contained little, if any, supporting argument or authority.[1] And, although the Disqualification Order on its face denied a motion to terminate and wind up the receivership, in substance the district court never discussed or decided such a motion.
 Even assuming that the receivership termination issue was properly before the district court, the issue has not been properly raised in this court. An examination of Appellants' Opening Brief reveals all of the arguments made are attackes personal to Shaffer and why he should be removed. "Issues not raised in the opening brief usually are deemed waived." Dilley v. Gunn, 64 F.3d 1365, 1367 (9th Cir.1995) (citation omitted). The issue of the termination and winding up of the receivership is not properly before this court.
 The true nature of the Investors' motion, and now this appeal, goes to the district court's refusal to disqualify Shaffer personally. We cannot find any authority discussing the appealability of an order refusing to disqualify a receiver. This is not an order that falls clearly within the collateral order doctrine. Rather than decide this issue, however, we proceed to the companion jurisdictional issue of mootness.[2]
 B. Mootness
 Shaffer died while this appeal was pending. In light of Shaffer's death and replacement by Barnes, the disqualification issue is moot.
 Appellants argue in their reply brief that Barnes must be disqualified for "ratifying" Shaffer's conduct in his responsive brief on appeal. Appellants cite no authority for this off-hand argument. We decline to apply the agency concept of "ratification" to the positions taken in court by a replacement receiver in defense of the actions of his predecessor. Further, the argument must be made, in the first instance, to the district court.
 Appellants' other defense to mootness is the possibility of a surcharge or damage claims upon Shaffer's estate and upon his attorneys for their misconduct. Relying on Z Channel Ltd. Partnership v. Home Box Office, Inc., 931 F.2d 1338, 1340-41 (9th Cir.1991), cert. denied, 112 S.Ct. 875 (1992), they contend that the case is not moot because the district court could award damages, even where damages had not been requested below.
 Z Channel was recently distinguished in NAACP v. United States Sugar Corp., 84 F.3d 1432 (D.C.Cir.1996), which held that Z Channel applies only if a party had sought some relief from the opposing parties and had established the court's jurisdiction over the parties. Id. at 1438. Here, Shaffer's estate (if he indeed has one) and its executor have not been brought under the jurisdiction of the district court. Nor have appellants sought any relief specifically against Shaffer's attorneys. Therefore, Z Channel's exception to mootness is inapplicable.
 C. Vacatur
 Appellants have requested from this court the equitable remedy of vacatur, in the event we dismiss their appeal as moot. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1958)). Vacatur, where appropriate, clears the way for relitigation of the issues mooted in the appeal, and prevents any unfair legal consequences from the unreviewed judgment. See Munsingwear, 340 U.S. at 39-40. However, the decision, in the first instance, of whether the decision below should be vacated should be made by the district court in accordance with the equitable requirements of vacatur. See Dilley, 64 F.3d at 1369-72.
 CONCLUSION
 We dismiss this appeal because (i) the issue of the termination and winding up of the receivership is not properly before us, and (ii) the district court's order refusing to disqualify the Receiver has been mooted by Shaffer's death. We remand this case to the district court with directions to determine whether the Disqualification Order should be vacated.
 
 
 1
 DISMISSED and REMANDED with instructions. Costs to appellee.
 
 
 
 *
 The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Investors' allegation that Shaffer had failed to file for bankruptcy pursuant to controlling circuit law only went to his individual fitness as Receiver. And the reply memorandum's argument that Shaffer's abuse of the receivership required the termination of the receivership in general was conclusory and unsupported by any legal authority
 
 
 [2]
 Even if appellants had properly presented the argument that the receivership should be terminated and wound up to commence a bankruptcy liquidation of ACI's assets, this issue would also now be mooted by the closing of the JH sale. In an Opinion filed concurrently herewith, we have held the Investors' bankruptcy alternative mooted by the closing of the JH sale in the absence of a stay pending appeal. See Shelton v. Shaffer, Nos. 95-55193, 95-55283, 95-55872, and 95-55878