# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 95-519

John E. Donovan, Appellant,

v.

Togo D. West, Jr.,
Secretary of Veterans Affairs, Appellee.

Before NEBEKER, *Chief Judge*, and KRAMER, FARLEY, HOLDAWAY, IVERS,
STEINBERG, and GREENE, *Judges*.

## O R D E R

The appellant, John E. Donovan, appeals a May 1995 decision of the Board of Veterans' Appeals (BVA or Board). The Board determined that the appellant's indebtedness resulting from a VA home-loan guarantee had been validly established. On October 8, 1998, this Court issued an opinion affirming the Board's decision in part, vacating the decision in part, and remanding two matters for readjudication. *See Donovan v. West*, 11 Vet.App. 481 (1998) (*Donovan I*). Upon motion for reconsideration, the Court issued a "clarifying" opinion reaffirming its previous decision. *See Donovan v. West*, No. 95-519, 1999 WL 446035 (Vet. App. June 15, 1999) (*Donovan II*). Thereafter, the Secretary filed a motion for reconsideration or in the alternative for a full Court decision. On July 29, 1999, the Court granted the Secretary's motion for a full Court decision and withdrew the Court's opinions in *Donovan I* and *Donovan II*. *See Donovan v. West*, 12 Vet.App. 500 (1999) (en banc).

On March 9, 2000, the Secretary filed a motion to dismiss this case as moot and notified the Court that it had terminated further prosecution of this case. The Secretary assured the Court that "action to recover any debt owed in this matter was stopped . . . and money that had been collected by offset was refunded." On March 16, 2000, the appellant filed a motion in opposition to the Secretary's motion to dismiss. The appellant argues that a decision in this case is necessary to prevent VA from proceeding against others in the same manner as it did against this appellant. The appellant did not allege that the Secretary's statement of facts was inaccurate.

After a review of the parties' pleadings, the Court will grant the Secretary's motion to dismiss and decline the appellant's invitation to issue what would amount to an advisory opinion. The Court finds that the controversy between the parties has been resolved.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and the appeal is DISMISSED as moot. It is further

ORDERED that the Board's May 1995 decision is VACATED. *See Landicho v. Brown*, 7 Vet.App. 42, 54 (1994) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-41 (1950), to hold that a lower tribunal's judgment must be vacated when a case subsequently became moot "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences").

DATED:  May 9, 2000                                              PER CURIAM.