MEMORANDUM *
The appellants, former members of the California Public Utilities Commission *582 (“Commission”), appeal the district court’s dismissal of their appeal of the bankruptcy-court’s order confirming a settlement agreement (“Settlement Agreement”) between the Commission and Pacific Gas and Electric Company (“PG & E”) in PG & E’s bankruptcy case. We do not reach the merits of the appeal.
While the appeal was pending, the appellants’ terms on the Commission expired. In light of this circumstance and the representations made by the appellees to this court, the Settlement Agreement results in no current adverse effects upon the appellants. Because none of the appellants’ claims presently give rise to a “live case or controversy,” the appeal must be dismissed for lack of jurisdiction. See Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir.1999).
As the appellants are no longer commissioners, they are not entitled to seek relief on the claims that the Settlement Agreement impairs their ability to perform their official duties. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). Furthermore, because the Commission has represented to this court that it will not seek any money damages or sanctions, or bring or entertain any administrative charges, against the appellants as a result of any matter involving, arising out of, or relating to the bankruptcy proceedings involving PG & E, or seek an award of attorneys’ fees against the appellants or their counsel in connection with these proceedings for any act or omission that occurred before March 2, 2006, the appellants do not face any “continuing, present adverse effects” as a result of the Settlement Agreement. See Jacobus v. Alaska, 338 F.3d 1095, 1102 (9th Cir.2003) (internal quotation marks omitted). Therefore, with respect to the personal liability issue, they no longer have a legally cognizable interest in the outcome of the appeal. See id. Finally, the appellants’ potential claims for damages against their former colleagues and lawyers do not create a live case or controversy because they do not clearly arise out of the Settlement Agreement. See Diamond v. Charles, 476 U.S. 54, 70-71, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (“[T]he mere fact that continued adjudication would provide a remedy for an injury that is only a byproduct of the suit itself does not mean that the injury is cognizable under Art. III.” (emphasis added)).
When a civil case becomes moot during the course of an appeal, “ ‘the established practice ... in the federal system ... is to reverse or vacate the judgment below and remand with a direction to dismiss.’ ” Arizonans for Official English v. Ariz., 520 U.S. 43, 71, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (alteration in original) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950)). Vacatur is particularly appropriate when, as here, “mootness occurs through happenstance — circumstances not attributable to the parties.” Id. Accordingly, we vacate the judgment below and remand to the district court with instructions to dismiss the action as moot.
VACATED AND REMANDED WITH INSTRUCTIONS.

 This disposition is not appropriate for publication and may not be cited to or by the courts *582 of this circuit except as provided by Ninth Circuit Rule 36-3.