# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3487

_____

Bethany V. Bowen,                    *
                                     *
          Appellant,                 *
                                     *
     v.                              *
                                     *
Honorable Jeffre Cheuvront, in his   *
official capacity as Justice of the  *
District Court for the State of      *     Appeal from the United States
Nebraska,                            *     District Court for the District
                                     *     of Nebraska.
          Appellee.                  *
_____                          *          [PUBLISHED]
                                     *
North Dakota State's Attorneys       *
Association.                         *
                                     *
                                     *
          Amici on behalf of         *
          Appellant.                 *

_____

Submitted: March 27, 2008
Filed: April 3, 2008

_____

Before RILEY, BEAM, MELLOY, Circuit Judges.

_____

PER CURIAM.

      Pamir Safi was charged with the felony sexual assault of Bethany Bowen in
Nebraska state court. A motion in limine was granted by the trial judge with regard

to several evidentiary matters. Thereafter, a trial was held which resulted in a mistrial. A second trial was scheduled. Prior to the second trial, the trial judge renewed some or all of these earlier rulings prohibiting the use of certain terms during the course of the testimony. Prior to the completion of voir dire and jury selection, the second trial also resulted in a mistrial because of pretrial publicity arising from Ms. Bowen's objections to the trial court's evidentiary rulings. A third trial was scheduled but before it proceeded, Ms. Bowen filed this action in the federal district court seeking remedies based upon purported violations of her constitutional rights. After Ms. Bowen responded to a "show cause" order, the district court dismissed the case. After requesting reconsideration, which was denied, Ms. Bowen then filed a notice of appeal. The matter is now before us for consideration on our own motion.

The record clearly establishes that the state trial judge was never served summons in this matter. As a result, neither the district court nor this court has personal jurisdiction over the defendant/appellee. More importantly, though, the state criminal prosecution was dismissed on January 4, 2008, mooting all issues initially presented to the federal court.

In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), Justice Scalia, speaking for a unanimous Court stated that "'[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way [to the Supreme Court] or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.'" Id. at 22 (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)). The Court further clarified that "mootness by happenstance provides sufficient reason to vacate." Id. at 25 n.3. Following the mandate of the Supreme Court and without consideration of any rulings of the district court or of any substantive issues before this court, we vacate the judgment of the district court and remand this matter with directions to dismiss.

_____