NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0967n.06

No. 11-4066

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF OHIO; KEVIN KNEDLER; MICHAEL JOHNSTON, | ) ) ) | **FILED** Aug 31, 2012 LEONARD GREEN, Clerk |
| **Plaintiffs-Appellees,** | ) ) | |
| v. | ) ) | |
| JON HUSTED, In his Official Capacity as Secretary of State, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| **Defendant,** | ) ) | |
| OHIO GENERAL ASSEMBLY, | ) ) | **O P I N I O N** |
| **Intervenor-Appellant.** | ) ) ) | |

BEFORE:   NORRIS, McKeague, and KETHLEDGE, Circuit Judges.

PER CURIAM.   The Ohio General Assembly ("the OGA"), as a proposed-intervenor, appeals the district court's grant of the Libertarian Party of Ohio's ("the LPO") motion for a preliminary injunction.  Generally, the court's order enjoined Ohio Secretary of State Jon Husted, the named defendant and not a party to this appeal, from enforcing House Bill 194 ("H.B. 194"), a recently enacted ballot access provision.  Ohio H.B. 194, 129th G.A. (2011) (repealed 2012).  Because the issues raised in this appeal and the underlying case have become moot, we **VACATE**

-1-

the judgment of the district court and **REMAND** with instructions to dismiss the underlying litigation.

## I.

On August 9, 2011, the LPO filed an amended complaint in district court against Ohio Secretary of State Jon Husted, claiming that H.B. 194 unconstitutionally interfered with its right to field and run candidates for state office in the 2011 general election and the 2012 primary and general elections. This law, which was scheduled to go into effect on September 30, 2011, generally amended Ohio Rev. Code §§ 3501.01 and 3517.01 to require most minor parties to qualify for ballot access each year by collecting and submitting a number of signatures equal to 1% of the total votes cast in the last gubernatorial or presidential election at least 90 days prior to the May primary election. The LPO sought both a declaration that these requirements violated its First Amendment rights and an injunction staying their enforcement and placing the LPO on the 2011 and 2012 ballots.

Before this law could go into effect, the LPO filed a motion seeking a preliminary injunction, again seeking to enjoin enforcement of the law and to guarantee its access to the 2011 and 2012 ballots. The district court granted this motion on September 7, 2011. This appeal followed on October 7, 2011. The record indicates that the LPO subsequently appeared on the November 2011 ballot.

Meanwhile, opponents of H.B. 194 were circulating petitions calling for a referendum vote on the law at the 2012 general election. On December 9, 2011, Secretary Husted certified that these petitioners had filed the necessary signatures and that H.B. 194, already subject to the court-ordered

injunction, was suspended by operation of Ohio law, pending voter approval at the November election. Ohio Const. art. II, § 1c; *State ex rel. Ohio Gen. Assembly v. Brunner,* 873 N.E.2d 1232, 1234 (Ohio 2007) ("[I]f a referendum petition is filed, the law becomes effective when a majority of electors approve it[.]"). The OGA, rather than waiting for the referendum, repealed H.B. 194 on May 15, 2012. 2012 Ohio Laws File 105 (Sub. S.B. 295). The repeal went into effect on August 15, 2012. *Id.*

## II.

Mootness is a threshold question which we must independently resolve before assuming jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 245–46(1971). "The jurisdiction of federal courts extends only to actual, ongoing cases or controversies. A case may become moot if, as a result of events that occur during pendency of the litigation, the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012) (quotation marks and citations omitted). Absent special circumstances not present in this case, the legislative repeal of a statute renders a case challenging that statute moot. *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir.1997). When a civil case becomes moot pending appellate adjudication, the well-established *Munsingwear* doctrine directs us to vacate the judgment below and remand with a direction to dismiss. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (citing *United States v. Munsingwear*, 340 U.S. 36, 39 (1950)).

Here, the LPO's entire claim for relief was premised on blocking enforcement of H.B. 194. After the suspension of H.B. 194's implementation by the pending referendum and the bill's later

repeal, there was nothing left for the LPO to challenge. At this point, neither this Court nor the district court was in a position to grant the LPO the specific relief it sought. As the LPO's target, H.B. 194, was no more, there was nothing to enjoin or declare unconstitutional.

### III.

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** with instructions to dismiss the underlying litigation. We express no opinion regarding any entitlement the LPO may have to attorney's fees under 42 U.S.C. § 1988(b). That case-specific inquiry is best left in the first instance to the district court. *McQueary v. Conway*, 614 F.3d 591, 601 (6th Cir. 2010).