**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0086n.06

Case No. 19-3551

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, et al., | ) ) ) | **FILED**<br>Feb 05, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | |
| LARRY OBHOF, President of the Ohio Senate; LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives; and FRANK LAROSE, Secretary of State of Ohio, in their official capacities, | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| Defendants, | ) ) | |
| REPUBLICAN NATIONAL COMMITTEE; ADAM KINCAID; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, | ) ) ) ) ) | |
| Movants-Appellants. | ) | |

BEFORE: GUY, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM. In May 2018, several Ohio voters and political organizations sued a handful of state politicians, alleging that Ohio's congressional districting map violates the U.S. Constitution. During discovery, one of the plaintiffs, the Randolph Institute, sought documents

and deposition testimony from third parties, including the Republican National Committee, the National Republican Congressional Committee, and the Congressional Committee's former redistricting coordinator Adam Kincaid. The third parties resisted, claiming First Amendment privilege. *See AFL-CIO v. FEC*, 333 F.3d 168, 175–76 (D.C. Cir. 2003). The district court rejected their arguments and compelled discovery. After a trial, the court ruled that Ohio's congressional districting map was an unconstitutional partisan gerrymander. Less than two months later, however, the Supreme Court held that partisan gerrymandering claims amounted to political questions beyond the reach of the federal courts. *Rucho v. Common Cause*, 139 S. Ct. 2484, 2506–07 (2019). In response, the district court dismissed the case.

No one appeals that decision. The third parties instead appeal the discovery orders.

Article III of the United States Constitution limits federal courts to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2. Both sides must have concrete interests in the outcome throughout the dispute. If one side loses a stake in the outcome, or it becomes "impossible" for the Court to grant any "meaningful relief," we must dismiss the case as moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

With respect to public documents, we cannot grant meaningful relief. There's not much a court can do about preserving the confidentiality of information "widely available to the public." *Doe No. 1 v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012). Here, the Randolph Institute used 61 of these documents as exhibits at the (fully public) trial, which required filing a complete set of paper copies with the district court. The third parties concede that these documents are now accessible to the public. And they concede that a complete transcript of Adam Kincaid's deposition is publicly accessible on the district court's online docket. With respect to these public documents, this appeal is moot.

With respect to the documents that remain confidential, this appeal is moot for a different reason: The third parties have already gotten everything they could ask for. Parties have an "obvious possessory interest" in material disclosed during discovery, and courts may vindicate that interest by ordering the other side to destroy "any and all copies it may have in its possession." *Church of Scientology of Cal.*, 506 U.S. at 13. Here, this has already happened. The Randolph Institute says it has "securely destroyed" "any and all documents" containing the third parties' confidential information. ROA 29 at 2. And the third parties do not dispute the truthfulness or completeness of that statement.

The third parties also ask that the Randolph Institute "identify all individuals . . . who had access to" the confidential documents. Appellant Br. 16. This request is apparently motivated by a concern that these individuals could use the knowledge gleaned from these documents in future state court partisan gerrymandering cases. Of course, there is nothing we can do to redress any injury caused by the spread of knowledge itself; those bells cannot be un-rung. As for the *use* of that knowledge, concerns about what might happen in a yet-to-be-filed future lawsuit are typically not enough to keep a present dispute live. *Saginaw County v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 959 (6th Cir. 2020). That is particularly true here, where the third parties could easily identify illicit use and get a remedy from the court. The protective order bars all who received these documents from using them for any purpose other than "preparing for or conducting this litigation," and it remains fully binding and enforceable into the future. R. 57 at 5.

The appeal is moot, but our work is not quite done. When a case becomes moot on appeal, we typically vacate the district court's order. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950). That is because it usually "makes little sense to compel the losing party to live with the precedential and preclusive effects of the adverse ruling without having had a chance to appeal

it." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 716 (6th Cir. 2011); *see Munsingwear*, 340 U.S. at 39–41. These principles apply here. And they apply with extra force, as the third parties tried to appeal earlier and we dismissed for lack of jurisdiction, telling them to wait until final judgment. *Ohio A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 507–08 (6th Cir. 2019).

We vacate the two challenged discovery orders.