NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0237n.06

Case No. 22-5832

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA AND KENTUCKY, INC., on behalf of itself, its staff, and its patients, | ) ) ) ) ) ) | |
| Plaintiffs - Appellees, | | |
| EMW WOMEN'S SURGICAL CENTER, P.S.C.; ERNEST MARSHALL, M.D., | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| Intervenor Plaintiffs - Appellees, | ) ) | |
| v. | ) | |
| | ) | OPINION |
| DANIEL J. CAMERON, in his official capacity as Attorney General of the Commonwealth of Kentucky, | ) ) ) | |
| Defendant - Appellant. | ) | |

Before: SUTTON, Chief Judge; BATCHELDER and STRANCH, Circuit Judges.

SUTTON, Chief Judge. A Kentucky law requires medical professionals who offer abortion services to transmit certain data to the State. Concluding that those professionals lacked the forms and regulations they needed to comply with the law, the district court enjoined it. The parties disagree over whether the court erred. But they agree that the required forms and regulations now exist, a reality that moots the underlying case and controversy. Consistent with *United States v. Munsingwear*, 340 U.S. 36, 40 (1950), we vacate the district court's injunction orders and remand the case to the district court to dismiss it as moot.

In 2022, Kentucky enacted the Humanity in Healthcare Act. One objective of the Act was to collect demographic information on complications arising from drug-induced abortions "for future scientific studies and public health research." R.1-1 at 5. To obtain that information, the Act enlisted Kentucky officials and the medical community. It required Kentucky's Cabinet for Health and Family Services to create numerous forms. Ky. Rev. Stat. Ann. § 213.174(1). And it instructed the Cabinet to issue regulations to explain the forms as well as to ensure the privacy of the data it collected. *E.g.*, *id.* §§ 213.101(10), 213.174, 216B.202.

The Act directed medical professionals, in turn, to complete and submit the forms. After performing an abortion, for example, the attending physician must submit a form to an office in the Kentucky Department for Public Health that provides information about the physician, the procedure used, the "pregnant patient," and the "unborn child." *Id.* § 213.101(1)–(2). Other forms require disclosure of the patient's consent to the abortion, *id.* § 311.7735(2), prescription of "an abortion-inducing drug," *id.* §§ 213.101(5), 213.172(1), complications related to a drug-induced abortion, *id.* § 311.7736(2)–(3), and disposition of fetal remains, *id.* § 213.098.

The Healthcare Act went into effect on April 14, 2022. By then, however, the Cabinet for Health and Family Services had not issued the relevant forms or promulgated any regulations. Even so, those who did not comply with the Act's reporting obligations faced civil and criminal penalties. *E.g.*, *id.* §§ 213.101(8)–(9), 216B.208, 315.990.

Two medical facilities and a doctor sued Kentucky officials, including Attorney General Daniel Cameron, seeking to prevent the Act from going into effect. The challengers claimed that the missing forms and regulations made it impossible to offer abortions and comply with the Healthcare Act. They also claimed that the information required on the forms would compromise their patients' privacy. They sought injunctive relief.

The district court issued a temporary restraining order "based on the impossibility of compliance." R.27 at 2. It followed that up with a preliminary injunction, which enjoined the provisions of the Healthcare Act that involved "reporting and registration programs not yet created or promulgated." R.65 at 2–3.

Attorney General Cameron appealed. Shortly after, the Supreme Court overruled its abortion precedents. *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2242–43 (2022). In view of that decision, we remanded the case to the district court to reconsider its order.

After the case returned to the district court, Attorney General Cameron sought to dissolve the injunction. The court demurred. So long as compliance was impossible, the court reasoned, the challengers' claims could succeed. Awaiting "action by the Cabinet," the court left the injunction in place for each provision that lacked implementing forms or regulations. R.97 at 2.

Attorney General Cameron appealed again. As before, a change in the law occurred during the appeal. The Cabinet issued the final forms and regulations. Concluding that the challengers could comply with the Act, the district court indicated it would dissolve the injunction but for the appeal. In their appellate briefing, the challengers claim that the issues on appeal are moot, while the Commonwealth urges us to address the merits and reverse the district court's decision.

The Constitution confines the federal courts to cases and controversies. U.S. Const. art. III, § 2. This limitation requires that a true dispute persist at each stage of a case. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016). If an intervening event ends the dispute and renders it "impossible" for the court to grant "effectual relief," the case becomes moot. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Such an event occurred. The challengers focused their lawsuit on the Healthcare Act's requirement that they submit forms and comply with regulations that did not exist. Those "unique"

conditions "no longer" prevail and will not "recur" now that the Cabinet has published the required forms and regulations. *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 632 (1979); *see City of Los Angeles v. Lyons*, 461 U.S. 95, 105–07 (1983). With these "finalized and effective" documents in hand, the challengers may comply with the Act, as they indeed have now represented. R.113 at 3. "By Plaintiffs' own admission," in the district court's words, "the necessary forms for compliance have been created." R.114 at 2. The impetus for this case "no longer exists" because, in the challengers' words, the Cabinet has "complet[ed] the forms and regulations needed for compliance." Appellees' Br. 16–17.

A change in the applicable law, as a general matter, "tends to" moot a preexisting controversy. *Kenjoh Outdoor, LLC v. Marchbanks*, 23 F.4th 686, 692 (6th Cir. 2022). The new forms and regulations do just that. Unlike the "theory of unconstitutionality set forth in the complaint[s]," *Oklahoma v. United States*, 62 F.4th 221, 227 (6th Cir. 2023), the challengers no longer face the paradox at the heart of their complaints—that they cannot fill out the requisite forms and comply with the relevant regulations when they do not exist. For like reasons, the challengers cannot complain that the Act harms them or their patients "in the same fundamental way[s]" as before. *Ne. Fla. Ch. of Assoc. Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 662 (1993). Any future challenge to the Act will thus "present a substantially different controversy from the one the District Court originally decided." *Id.* at 662 n.3. All we have today is "an abstract dispute" that is divorced "from any concrete actual or threatened harm." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). Abstract disputes are not live disputes.

Acknowledging that the relevant forms and regulations now exist, Attorney General Cameron worries that even the new forms and regulations may not suffice for compliance. But no one has identified any flaw in them. Even if someone could identify such a problem, moreover,

4

any discrepancy between those documents and the Act would go beyond the claims in the challengers' complaints.

Attorney General Cameron adds that the challengers' privacy claims remain live. The challengers originally alleged that the Act's disclosure requirements would violate the privacy of their patients. But such disclosure would occur through the then-unavailable, then-hypothetical forms and regulations. Now in hand, these documents reveal that the forms shall "[n]ot contain information that identifies the [persons] involved." 901 Ky. Admin. Regs. 5:120 §§ 2(4)(b), 3(4)(c). The arrival of the forms and regulations moots the privacy claims no less than it does the other claims. *See Alvarez*, 558 U.S. at 93; *City of Jacksonville*, 508 U.S. at 662.

All told, the case is moot, and we remand it to the district court to dismiss it on that ground. To "clear[] the path for future relitigation of the issues," we vacate the district court's injunction orders. *Munsingwear*, 340 U.S. at 40; *see Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (en banc); *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 716–18 (6th Cir. 2011).