**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SUSAN DYER REYNOLDS, | No.   23-15504 |
| Plaintiff-Appellee, | D.C. No. 3:22-cv-08408-WHO |
| v. | |
| DEAN E. PRESTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted May 30, 2024
San Francisco, California

Before:  KOH, H.A. THOMAS, and DESAI, Circuit Judges.

Dean E. Preston, a member of the San Francisco Board of Supervisors,

appeals a district court order denying his motion to dismiss Susan Dyer Reynolds's

claim that Preston violated Reynolds's First Amendment rights by blocking her on

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Twitter.[1] "We have jurisdiction under the collateral order doctrine to review a district court's rejection of a qualified immunity defense at the motion to dismiss stage, and we review such a denial de novo." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (citations omitted). We reverse and remand for the district court to dismiss the case.

To overcome a qualified immunity defense at the motion to dismiss stage, a plaintiff must show that, "accepting all of [the plaintiff's] allegations as true, [the defendant's] conduct '(1) violated a constitutional right that (2) was clearly established at the time of the violation.'" *Id.* (quoting *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022)). Reynolds argues that Preston's conduct violated law clearly established by our decision in *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158 (9th Cir. 2022), *vacated*, 601 U.S. 205 (2024). But the Supreme Court has since vacated that decision. *O'Connor-Ratcliff v. Garnier*, 601 U.S. 205, 208 (2024). This vacatur prevents our decision in *Garnier* "from spawning any legal consequences"—including the consequence of clearly establishing the violation of a constitutional right. *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)). Reynolds cites no

---

[1] Since Reynolds filed her complaint, Twitter has been renamed X. Irina Ivanova, *Twitter is Now X. Here's What That Means.*, CBS News (July 31, 2023, 2:18 PM), https://www.cbsnews.com/news/twitter-rebrand-x-name-change-elon-musk-what-it-means/ [https://perma.cc/98P6-QDD4].

other case clearly establishing that blocking her on Twitter violated her First Amendment rights.

Absent clearly established law, Preston is entitled to qualified immunity. *See Polanco*, 76 F.4th at 925. We therefore reverse the judgment of the district court and remand with instructions to dismiss the case.

**REVERSED and REMANDED.**