NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0244n.06

No. 24-3404

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

HUNTER DOSTER; JASON ANDERSON; MCKENNA COLANTANIO; PAUL CLEMENT; JOE DILLS; BENJAMIN LEIBY; BRETT MARTIN; CONNOR MCCORMICK; HEIDI MOSHER; PETER NORRIS; PATRICK POTTINGER; ALEX RAMSPERGER; BENJAMIN RINALDI; DOUGLAS RUYLE; CHRISTOPHER SCHULDES; EDWARD STAPANON, III; ADAM THERIAULT; DANIEL REINEKE, on behalf of themselves and others similarly situated,

      Plaintiffs-Appellants,

v.

HON. FRANK KENDALL, III, in his official capacity as Secretary of the Air Force; LT. GENERAL BRIAN S. ROBINSON, in his official capacity as Commander, Air Education and Training Command; LT. GENERAL JOHN P. HEALY, in his official capacity as Commander, Air Force Reserve Command; UNITED STATES OF AMERICA; MAJOR GENERAL JOHN D. DEGOES, in his official capacity as Surgeon General of the Air Force; LT. GENERAL MICHAEL E. CONLEY, in his official capacity as Commander, Air Force Special Operations Command,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 12, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

_____

Before: KETHLEDGE, BUSH, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Eighteen members of the United States Air Force sued the government alleging that the Air Force's requirement to take the COVID-19 vaccine violated the Religious Freedom Restoration Act (RFRA) and the First Amendment. The district court

dismissed the action as moot after the Air Force rescinded the requirement.  We affirm.

The FDA approved the first COVID-19 vaccine in August 2021.  At President Biden's request, the Secretary of Defense directed all Armed Forces to take the vaccine.  Frank Kendall, the Secretary of the Air Force, ordered active-duty members of the Air Force to be vaccinated by November 2, 2021, and reservists by December 2, 2021.  In a memorandum attached to the order, Kendall outlined the steps to request medical, administrative, and religious exemptions.  The named plaintiffs—14 active-duty members of the Air Force and four active reservists—all requested religious exemptions to the mandate, and the Air Force granted none of their requests.

In February 2022, the plaintiffs filed a class-action complaint for declaratory and injunctive relief against the United States, Secretary Kendall, and four other officers of the Air Force, all in their official capacities.  The plaintiffs asked the court to enjoin the defendants from enforcing the mandate against the plaintiffs or others similarly situated; to direct the defendants to grant the plaintiffs' exemption requests; and to declare that the mandate illegally burdened the plaintiffs' religious exercise in violation of RFRA and the First Amendment.  They also asked the court to certify the class and to award costs, including attorney fees, and other appropriate relief.  They did not request damages, back pay, or retirement points for missed drills.

The district court certified the class and issued preliminary injunctions, enjoining the defendants from, among other things, disciplining or separating class members or placing active reservists on "no-points, no-pay status" for refusing to take the COVID-19 vaccine "due to their sincerely held religious beliefs."  This court affirmed those injunctions in November 2022.  *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022).

Then, in December 2022, Congress enacted the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, which ordered the Secretary of Defense to rescind the

military's COVID-19 vaccine mandate. Pub. L. No. 117-263, § 525. The Secretary rescinded the mandate on January 10, 2023, and the Air Force soon did the same.

The defendants then filed a petition for a panel rehearing and for rehearing en banc, requesting to vacate the panel opinion and the preliminary injunctions, which this court denied. *Doster v. Kendall*, 65 F.4th 792 (6th Cir. 2023) (order). Soon after, the defendants filed a petition for certiorari in the U.S. Supreme Court and moved in the district court to dismiss the entire case as moot because the court could no longer grant any of the plaintiffs' requested relief.

In December 2023, the Supreme Court granted certiorari, vacated the judgment, and remanded the case to this court with instructions to direct the district court to vacate its preliminary injunctions as moot. *Kendall v. Doster*, 144 S. Ct. 481 (2023) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)). The district court then vacated the preliminary injunctions and ordered supplemental briefing on whether the entire case was moot. After reviewing that briefing, the court granted the defendants' renewed motion to dismiss the case. The plaintiffs now appeal.

We review de novo a district court's decision to dismiss a case as moot. *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018). Article III, Section 2 of the U.S. Constitution grants federal courts the "judicial Power" to adjudicate only "Cases" or "Controversies." If a court can no longer grant any "effectual relief" to the plaintiff, there is no longer a "true dispute" between the parties, and the case becomes moot. *Jarrett v. United States*, 79 F.4th 675, 677-78 (6th Cir. 2023) (citation omitted). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Hanrahan*, 905 F.3d at 960 (citation omitted). A case is moot, then, when a plaintiff has received all the relief he sought. *See Jarrett*, 79 F.4th at 678.

The plaintiffs concede that Kendall's recission of the vaccine mandate "moots most of the case for many of the named plaintiffs and much of the class." But they argue that two of the named plaintiffs, Joe Dills and Christopher Schuldes, still have a live case even after the Air Force rescinded the mandate. Dills and Schuldes are active reservists whom the Air Force placed on "no-points, no-pay" status after they refused to take the vaccine. That status meant they were no longer allowed to attend drill weekends, where they would have earned drill pay and retirement points. They asserted for the first time in supplemental briefing on the mootness issue—two years after they filed suit—that the court could award them back pay and retirement points for the drill weekends the reservists missed.

But the plaintiffs did not seek this relief in their complaint. They asked the court to enjoin the defendants from enforcing the vaccine mandate against them, to grant their religious-exemption requests, and to declare that the mandate violated RFRA and the First Amendment. None of this relief would have any practical effect on the plaintiffs' rights now that the Air Force has rescinded the mandate. Hence the case is moot.

The district court's judgment is affirmed.